IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02676-RMR

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

CONCAY, in his individual and official capacities,
SANISTEVENS, in his individual and official capacities,
MEDRANO, in his individual and official capacities,
TRUE, in his individual and official capacities,
SAROSKI, in his individual and official capacities, and
UNITED STATES OF AMERICA,

    Defendants.

## DEFENDANTS' MOTION TO CONSOLIDATE
## AND EXTEND DEADLINES TO RESPOND TO COMPLAINT

Defendants Concay, Sanistevens, Medrano, True, Saroski,[1] and the United States of America, respectfully request that the Court consolidate and extend their respective deadlines to respond to Plaintiff's Complaint, ECF No. 1, to and including February 17, 2022. There is good cause for this request, as set forth below.[2]

1.    Plaintiff is a federal inmate incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"), located in Florence, Colorado. ECF No. 1 at 2.

---

[1] As explained below, undersigned counsel does not yet have representation authority for any of the defendants in their individual capacities and appears on behalf of them for purposes of this motion only.

[2] Because Plaintiff is a federal prisoner who is representing himself, undersigned counsel did not confer with him regarding this motion. *See* D.C.COLO.LCivR 7.1(b)(1) (setting forth an exception to the duty to confer in "a motion filed in a case involving an unrepresented prisoner").

2. Plaintiff initiated this action by filing a Complaint on September 30, 2021. *See* ECF No. 1. In the Complaint, Plaintiff alleges that Defendants mistreated him during a 2020 hunger strike. *See generally id*. He brings a variety of *Bivens* claims and tort claims against Defendants, *see id*. at 26-27, and seeks, among other things, injunctive relief and compensatory and punitive damages, *see id*. at 30.

3. The Complaint was served on the United States Attorney's Office on October 20, 2021. *See* ECF No. 8. Waivers of service were sent to the individual defendants on November 10, 2021. *See* ECF No. 10.

4. Accordingly, the United States' current deadline to respond to the Complaint is December 20, 2021, whereas the individual defendants' deadline to respond is January 9, 2022. *See* Fed. R. Civ. P. 12(a)(2) ("The United States … must serve an answer to a complaint … within 60 days after service on the United States attorney."); *see also* Fed. R. Civ. P. 12(a)(3) (United States employees sued in their individual capacities for acts occurring in connection with their official duties must respond within 60 days of service on either themselves or on the United States Attorney's Office, whichever is later); Fed. R. Civ. P. 12(a)(1)(A)(ii) (if a defendant has timely waived service, his or her deadline to respond is "60 days after the request for a waiver was sent").

5. Because Defendants Concay, Sanistevens, Medrano, True, and Saroski have been sued in both their official and "individual" capacities, they have the option of obtaining counsel to represent them in this case. The United States Attorney's Office often provides this service, but the Department of Justice ("DOJ") must approve representation authority before any action may be taken on behalf of an individual-capacity defendant. *See generally* 28 C.F.R. § 50.15

(procedure for federal employees to request representation from DOJ). The procedures to obtain representation authority include a written request by each individually named defendant, a determination by the employee's agency regarding whether representation is appropriate, and a determination by the DOJ as to whether representation is appropriate. *See id.* at §§ 50.15(a)(1)-(2). (The DOJ component that determines whether to authorize representation is located in Washington, D.C., and is not part of the U.S. Attorney's Office in Denver.) The DOJ must approve representation authority before any action may be taken on behalf of Defendants in their individual capacities.[3]

6. Defendants are in the process of requesting representation from the DOJ, but that process is not yet complete, and the DOJ has not yet authorized representation. Accordingly, undersigned counsel does not yet have the authority to represent Defendants Concay, Sanistevens, Medrano, True, or Saroski in their individual capacities in this action. If representation authority is not approved, these defendants will require additional time in which to obtain private counsel to represent them.

7. In addition, the allegations against the United States and the individually named defendants arise out of the same facts and are generally premised on the same alleged constitutional and statutory violations. Accordingly, rather than requiring Defendants to respond to the Complaint on two separate schedules, it would be more efficient to consolidate Defendants' respective deadlines so that Defendants may file a single response to the Complaint,

---

[3] During the period when a request for representation is pending, a request may be filed seeking an extension of time for the defendant to respond to the complaint. *See* Justice Manual 4-5.410, 4-5.412, *available at* https://www.justice.gov/jm/jm-4-5000-tort-litigation#4-5.410.

rather than multiple, staggered responses. *Cf.* Fed. R. Civ. P. 1 (The civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In this case, Defendants anticipate moving to dismiss at least a portion of Plaintiff's numerous claims; briefing and ruling on a single motion to dismiss, rather than multiple motions, will be far more efficient for both the parties and the Court. *See id.*

8. Accordingly, Defendants seek an extension to and including February 17, 2022, to the Complaint. Such an extension would grant the United States an additional 60 days to respond to the Complaint, and the individual defendants an additional 39 days. This extension should allow sufficient time for the individual defendants to obtain representation in this case and would also allow Defendants to file a single, cohesive response to the Complaint.

9. The requested extension is reasonable will not prejudice Plaintiff. No scheduling conference has been set and discovery has not started. Rather, the requested relief will simplify and streamline the proceedings.

10. Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel certifies that Defendants have not sought any previous extensions of time to respond to the Complaint.

11. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion will be served on Plaintiff and upon an agency representative for Defendants, as noted in the Certificate of Service.

12. Accordingly, for the reasons set forth above, Defendants request that the Court consolidate and extend their deadlines to respond to the Complaint to and including February 17, 2022.

Dated December 19, 2021.

        Respectfully submitted,

        COLE FINEGAN
        United States Attorney

        *s/ Lauren Dickey*
        Lauren Dickey
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Ste. 1600
        Denver, CO 80202
        Tel. (303) 454-0188
        Fax (303) 454-0411
        Lauren.Dickey2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and directed personnel in the United States Attorney's Office to serve the foregoing document on the following non-CM/ECF participant by U.S. mail:

Khalfan Khamis Mohamed
#44623-054
Florence Admax
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226
Pro Se Plaintiff

I further certify that on December 19, 2021, I sent the foregoing to Federal Bureau of Prisons representative Adam Powell, Senior Attorney Advisor.

*s/ Lauren Dickey*
Lauren Dickey
United States Attorney's Office