**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02676-NYW-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,
v.

SANTISTEVEN, in his individual and official capacities,
MEDRANO, in his individual and official capacities,
CONROY, in his individual and official capacities,
TRUE, in his individual and official capacities,
SEROSKI, in her individual and official capacities,
TURNER, in her individual and official capacities, and
UNITED STATES OF AMERICA,

    Defendants.

## DEFENDANTS' MOTION TO FILE A SINGLE 28-PAGE MOTION TO DISMISS

Defendants Officer Santisteven, Lieutenant Medrano, Clinical Director Dr. Conroy, Physician Assistant Seroski, Warden True, Officer Turner, and the United States of America, move for permission to file a single 28-page motion to dismiss the Amended Complaint. There is good cause for the requested extension of this Court's page limit.[1]

    1.    Plaintiff is a federal inmate incarcerated at the U.S. Penitentiary–Administrative Maximum ("ADX"), located in Florence, Colorado.

    2.    In connection with the original Complaint, the Court granted Defendants' prior to request to file a single 25-page motion to dismiss. ECF No. 20.

---

[1] Undersigned counsel did not confer with Plaintiff before filing this motion since he is a pro se prisoner. D.C.COLO.LCivR 7.1(b).

1

3. Plaintiff then amended his Complaint, adding approximately 30 new paragraphs of allegations, three new claims (two First Amendment retaliation claims and a Religious Freedom Restoration Act claim) and one new Defendant (Defendant Turner). *See* ECF Nos. 35 & 36.

4. The Amended Complaint alleges that the Defendants mistreated him in several ways before, during, and after he went on a hunger strike in 2020. ECF No. 36. The Amended Complaint contains 231 paragraphs of allegations and asserts 13 claims against seven defendants, including the United States. Eight claims are brought against individual Defendants in their individual and official capacities. The claims are summarized as follows:

| Claim | Brief Description | Defendant | Capacity Sued | Relief Sought |
|---|---|---|---|---|
| 1 | 1st Amendment retaliation (¶¶ 1-31) | Turner | Individual, Official | Damages, Injunctive |
| 2 | RFRA, phone restrictions (¶¶ 32-42) | Turner | Individual, Official | Damages, Injunctive |
| 3 | 8th Amendment, deliberate indifference (¶¶ 43-120) | Santisteven | Individual, Official | Damages, Injunctive |
| 4 | 8th Amendment, excessive force / failure to intervene (¶¶ 121-48) | Santisteven | Individual, Official | Damages, Injunctive |
| 5 | 8th Amendment, excessive force / failure to intervene (¶¶ 121-48) | Medrano | Individual, Official | Damages, Injunctive |
| 6 | 1st Amendment retaliation (¶¶ 149-53) | Santisteven | Individual, Official | Damages, Injunctive |
| 7 | 8th Amendment, deliberate indifference (¶¶ 154-79) | Conroy | Individual, Official | Damages, Injunctive |
| 8 | 8th Amendment, failure to protect / supervise (¶¶ 180-89) | True | Individual, Official | Damages, Injunctive |

| 9 | 8th Amendment, deliberate indifference (¶¶ 190-214) | Seroski | Individual | Damages |
| 10 | FTCA, battery (restraints, pushing, jacking) (¶ 215) | United States | | Damages |
| 11 | FTCA, battery (grabbing) (¶ 216) | United States | | Damages |
| 12 | FTCA, negligent supervision (¶ 217) | United States | | Damages |
| 13 | FTCA, negligent supervision (¶ 218) | United States | | Damages |

      5.      Defendants intend to argue that Plaintiff's claims fail for multiple reasons. Defendants will argue that one claim is barred by the statute of limitations, that eight claims should be dismissed for lack of a *Bivens* remedy, that at least five claims are barred by qualified immunity, that the Court lacks jurisdiction over at least seven claims, and that Plaintiff fails to state a claim for at least eight claims. To present these defenses, Defendants must describe and analyze specific factual allegations against each defendant and explain how those allegations fit into established legal precedent.

      6.      A motion to dismiss is limited to 20 pages under this Court's Practice Standards. *See* Civ. Practice Standard IV.B.1.

      7.      Good cause exists to allow a single 28-page motion to dismiss for all seven Defendants. First, Defendants cannot adequately address the claims, specific factual allegations, and multiple defenses against each claim in 20 pages. Additional pages are warranted here, because Defendants must address numerous claims, including several in both individual and official capacities, and articulate multiple defenses under both Fed. R. Civ. P. 12(b)(1) and (b)(6).

      8.      Second, *Bivens* liability is individual and, therefore, each Defendant could seek

3

leave of Court to file his or her own separate motion.  *See* Civ. Practice Standard IV.B.1.  If each Defendant filed his or her own motion to dismiss, the Court could receive over 100 pages of briefing across seven motions to dismiss.  However, allowing a single 28-page motion to dismiss will be more efficient, less redundant, and easier for Plaintiff and the Court to address.  *See* Fed. R. Civ. P. 1 (procedural rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

9. Accordingly, Defendants respectfully request permission to file a single 28-page motion to dismiss on behalf of all Defendants.

Dated: September 21, 2022.                COLE FINEGAN
                                          United States Attorney

                                          *s/ Thomas A. Isler*
                                          Thomas A. Isler
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          1801California Street, Ste. 1600
                                          Denver, CO 80202
                                          Tel. (303) 454-0336; Fax (303) 454-0411
                                          thomas.isler@usdoj.gov
                                          *Counsel for Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and directed personnel in the United States Attorney's Office to serve the foregoing document on the following non-CM/ECF participant by U.S. mail:

Khalfan Khamis Mohamed
#44623-054
Florence Admax
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226
Pro Se Plaintiff

                                                *s/ Thomas A. Isler*
                                                Thomas A. Isler
                                                U.S. Attorney's Office