# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Mohamed v. Santisteven et al, No. 1:21-cv-02676-NYW-MDB

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND FOR THE POSTPONEMENT OF THE PROCEEDING UNTIL 30-DAYS FOLLOWING THE GOVERNMENT'S COMPLIANCE WITH THE REQUESTED ORDER

Plaintiff files this motion pursuant to the Rule 65 of FRCP, and asks the court two things: to issue the T.R.O. or, alternatively, preliminary injunction ("P.I"), by which it directs and orders the government to provide him with an adequate access to the law library; and, to suspend the proceeding of his case, especially, the deadlines that require plaintiff to file his motions and/or other necessary papers (if he chooses so) following the court's ruling on parties objections, doc.123. Such deadlines and any other potential filings by plaintiff must be suspended until 30 days after the government has adequately provided plaintiff the access to the law library.

### STANDARD OF REVIEW:

The court's authority to issue the requested order here is provided under the Rule 65(a)(b). And this court should issue the T.R.O. or P.I. because the plaintiff, as he has detailed in his declaration, EXH.1 attached here, is facing an "immediate and irreparable injury". Rule 56, Id.

In addition, this court has the necessary jurisdiction over this matter. That's because the government, to whom the requested order should be directed, is one of the defendants in this case. Furthermore, several of the individual defendants are also sued in their official capacities. That official capacity also makes the government a defendant in those claims.

### THE CURRENT STATUS OF THE CASE:

On 9-29-23 the court issued its order, doc.123, on parties objections. Because plaintiff failed to timely receive the court's order, plaintiff filed a motion, doc.135, in which he requested the mentioned order and also 30-days extention of the deadline for him to file his potential motions under Rule 59(e) and 60(y). However, only few days ago, on 10-29-23, plaintiff actually received the requested order along with the court's minute order, doc.138, that extended the deadline to 11-10-23.

-1-

The fact that plaintiff received the order, doc. 123, on 10.29.23, and the new deadline is set on 11.10.23, that allowed plaintiff to about 10-days to meet the new deadline. In otherwords; per that deadline and the late receval of the doc 123; plaintiff was required to review the order, do whatever necessary legal reseach on the cited cases within the order, drafting his motions and... mailing them in 10-days time. Plaintiff, for the reasons detailed in his declaration, Exh. 1, and here below, couldn't do that. Infact, even if plaintiff had another whole month to research the cases, he still couldn't've met the 30-days deadline. See Exh. 1, at 11-14.

ARGUMENT:

The T.R.O or P.I. is necessary here, because plaintiff doesn't have an adequate access to the law library necessary for a thorough legal reseach following the Court's order, doc. 123, that dismiss almost all of plaintiffs' claims.

The requirements for either of the two orders are the same. See Herrera vs v. Santa Fe Pub. Sch. 792 F. Supp. 2d 1174, 1181 (Dist. Col. 2011) ("The requirements for the issuance of a temporary restraining order are similar to those for the issuance of preliminary injunction"). Under either of the two requests "the movant must demonstrate a "clear and unequivocal right" in order to have request granted". The Court then must consider "four factors"; (i) whether the moving party will suffer irreparable injury unless the injunction issues; (ii) whether there is a substantial likelihood that the moving party will eventually prevail on the merits; (iii) whether the threaten injury to the moving party outweights whatever damages the proposed injunction may cause the opposing party, and; (iv) whether the injunction, if issued, would not be adverse to the public interests. Id. See also Papagazzi LLC v. Seronson, 2022 U.S. Dist. LEXIS 84881, (Dist. Col. May 10, 2022), at 8 ("A showing of probable harm is the single most important prerequisite for the issuance of a preliminary injunction... And, The irreparable harm requirement is met if a movant demostrates a significant risk that he or she will experience harm that cannot be compensated after the fact by the monetary damages".

The current situation meets all four factors. In addition, plaintiff easely demonstrates here that the access to the courts, via an adequate access to the law library is "a clear and unequivocal right".

Plaintiff has constitutional rights to access to the court.... See United States v. Cooper, 375 F.3d 1041, 1052 (10 th. circ 2004) ("Prisoners have a fundamental constitutional right to access to the courts, and must be provided with adequate law library or adequate assistance from persons trained in the law..."); Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir. 1992)

The Irreparable Damages condition is also met here: The court's order, doc. 123, dismissed all but two of plaintiff's claims. In order for him to be either able to convince this court to reverse its ruling, or part of it, or to adequately preserve the issues for appellate purpose, plaintiff necessarily needs an adequate access to the law library to research every case cited in the ruling and locate other authority that may support his argument that the court erred. But that adequate access to the law library is not available here due to the two main reasons: lack of enough time to access the law library, and the noisy environment that accompanies any little opportunity to access the computers for legal research purposes. Exh. 1, at 7-9.

The failure to research and file an adequate motions, then will result to a permanent dismissal of plaintiff's claims. That's because inadequate motion may neither convince the judge to change her position nor preserve the issues for the appellate review. Plaintiff, after carefully researching the cited authorities in the court's order, doc. 123, may likely file motions under Rule 59(e) or 60(b). He may also file motion to amend. Exh. 1, at 15-17. All that, however, are entirely depending on plaintiff's ability to do the necessary legal research which currently cannot do.

The fact that the court's order, doc. 123, dismissed almost all claims doesn't undermind plaintiff's right here. That's because, as the Green court said, id, 997 F.2d at 1389 "Prison officials may not... hinder a prisoner's efforts to construct a nonfrivolous appeal or claim..." It's therefore an irreparable harm at issue here. And that requires the court to act, because, as the Supreme Court said, "It is the role of the courts to provide relief to claimants... who have suffered, or will imminently suffer, actual harm... It's for the Courts to remedy past or imminent official intereference with individual inmates' presentantion of claims to the courts; it is for the political branches... to manage prisons in such fashion that official intereference with the presentantion of claims will not occur". Lewis v. Casey 518 U.S. 343, 349 (1995).

The other two factors or conditions are also met here. The imminent threat of irreparable harm oughtweights any damages that may be caused to the government by the requested orders. Plaintiff, without the law library, will forever loss his claims. While the government has nothing to loose if the court issue the requested orders. Finally, the requested order that will establish adequate access to the law library for the plaintiff and the rest of people housed here will only result to the goodness of the public's interests. Arguing otherwise is to argue that; access to the law library for prisoners is against the public interests.

The U.S.P. here, has plenty of empty, un used space to install the law library. It may also provide me with the necessary access to the law library through other means. Exh. 1, at 21

3

CONCLUSION:
For the reasons stated above and as they're supported by the declaration attached here as Exh. 1, plaintiff respectfully asks the court to grant this motion by doing the two things: first: through a temporary restraining order, or, alternatively, preliminary injunction, order the government here at the U.S.P. Florence, to provide me an adequate access to the law library that would allow me to conduct a thorough legal research and other legal activities related to this case in this court and, if it advance to the appeal, as I expect, in the appeal court. And two; to suspend the proceedings until after 30-days from the time the government provided me the requested adequate access to the law library.

Dated: 11.3.23

Khayfan Kh. Mohamed,
U.S.P. High., P.O.Box 7000
Florence, Co 81226.

Khayfan Kh. Mohamed
s/ Mohammed

---

CERTIFICATE OF SERVICE

I, Khayfan Kh. Mohamed, hereby certify that on 11.3.23 have mailed my motion for Temporary Restraining Order/Preliminary Injunction and ...; to the court, addressed to:

Office of the clerk,
United States District Court
901-19th St., Room A105
Denver, CO 80294-3589

Khayfan Kh. Mohamed
U.S.P. High, P.O.Box 7000
Florence, Co 81226

Khayfan Kh. Mohamed
s/ Mohammed

4-

EXHIBIT 1: Declaration.

EXH. 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Mohamed v. Santisteven et al. No. 1:21-CV-02676-NYW-MDB

**PLAINTIFF'S DECLARATION IN SUPPORT TO HIS MOTION FOR THE TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION, AND FOR THE POSTPONEMENT OF THE PROCEEDINGS UNTIL 30-DAYS FOLLOWING THE GOVERNMENT'S COMPLIENCE WITH THE REQUESTED ORDER**

I, Khalfan Kh. Mohamed, the plaintiff in this case, makes this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, and declares that the bellow stated statment is true and correct.

1- I have been housed at the ADX Florence, Super Max since late 2001 to September 27, 2023. On Sept. 27, 2023 I was transferred to the nearby U.S.P. High institution. I am since sept. 27, at B/A-unit, here in U.S.P.

2- Within the ADX; I was housed in several different units. Those units included; H, F, C, D, and J-units.

3- When it comes to the access to the law library; I've noticed per my own personal experience that; due to the recognized essential needs related to legal activites for prisoners; each range that I've been housed in ADX-has its own, specifically designated law library (That don't enclude H and J-units; those two units did have unit law library, but not the range-law library, at the time I was housed there.).

4- Per the applicable policy in ADX; prisoners are allowed to go to those law libraries and do their legal activities such as legal research for up to two hours at a time. However, under officers' descretion, prisoners are allowed to remain in the library for much longer periods of time. In addition, a prisoner may request to use the law library more than once daily. I personally, in different units, have used the library up to 6-7 hours continuously, and on many occasions, I went there twice; morning and evening shifts. Other prisoners sometimes would do the same.

5- J-unit was the last unit I was housed in before I was sent to this place. It's, like this unit here, a step down unit. Because of the step-down program, prisoners are allowed to be out of their cells and be together in the indoor recreation area. That area has two computers, just like here. People would use the computers for several purposes such as; checking/sending Emails, purchasing or revalidating their music or other available materials through their tablets or MP3's; reviewing the institutional bulletins; submitting requests to various prison staff..., and doing their legal researchs... (In J-unit; only one computer has the law library, however. Here at B/A, both computers have it. My previously made statement that B/A has only one computer with law library, was my mistake.

-1-

6- Also, in J-unit, Step-down unit; prisoners who wish to use the law library there they're allowed to do that in two additional ways; **first:** a prisoner, per previously submitted request, would be allowed to access the same two computers available to the rest of prisoners but only at evening, after the daily Recreation schedules are over. At such times a prisoner may spend up to two hours for his legal activities. And **second:** for those prisoners who have an active/ongoing cases, they're allowed, also via prior request and approval, to use the isolated designated law library, located upstairs within the J-unit. Prisoners there would spend two hours or more at a time, on staffs' descreetion. I've personally and repeatedly used both means stated above to access the law library in J-unit.

7- HERE IN B/A unit; U.S.P: As stated above at 5; like J-unit, this unit has two computers that offer various of services and that are intended for and accessible to every one who happen to be in the indoor recreation area. However, unlike J-unit, back in the ADX; the B/A, U.S.P. authority donot provide prisoners any other opportunity to access the law library, and the unit doesn't have any designated room/area where prisoners can do their legal researches or other legal activities. And once the unit is locked down for the day (at about 8:45 P.M) prisoners are not allowed to access the two only computers for their legal works.

8- Because my only access to the computer, and thus, the law library it's when I am allowed out of my cell to the indoor Recreation areas with other people in my range (up to 11-other people at a time) for recreational purpose; I fail to have any meaningful means and time to do any kind of meaningful legal research necessary for my intended motions under rule 5(a)(e) or 6(c)3).

9- The current access to the law library is completely inadequate because of at least two main reasons; the lack of sufficient time to do the research, and; lack of calm and quit or at least relatively quit environment necessary for such research. And that's detailed below:

(a) Lack of Sufficient time: Even though I am allowed to be in the Recreation area for about 3-Hours per day (devided in to two or three different Recreation sessions) I can only access the computer for few minutes before I've to leave it for some one else. That's because as stated earlier, at 5, each person in my group has the similar right to access it. Because of the conflicting needs to access the computers, I often open the screen, trying to find a case, sometime starting reading it, and there my time is up, I close it. I may resume the same process perhaps 30-40-minutes later, after observing no one use it; and do the same in few minutes.

-2-

I've often experienced that even after several short access to the computer, I still fail to adequately read a case late alone been able to write down my own brief-notes for my uses. On some other occasions, after spending several minutes in locating or reading a case, a fellow human being come and ask me whether I can step aside so he can use the computer[.]. Because of this lack of time and because of the uncertainty of my ability to access the computer, it happen in many or most cases that I spend all of my time in the recreation area without been able to accomplish any level of legal research and at the same time; fail to workout or taking my shower.

(b) Lack of the Quitness Necessary for any adequate research: The Recreation yard, where the computers are found, is like an open market. It's extreamely noisy here. All people; prisoners in the yard, and those in their cells, and the staff; talking, singing, whistling, moving, running, pulling and pushing equipments around..etc; freely and with no known restrains. All these noisy activities are carried out at the same time as I'm trying to do legal research. Because of the constant and the high level of noise, I can't do any adequate research even if I was allowed to use one of the computer all by myself.

As stated above, at 3, 4: back in the ADX- I was able to do legal research because the staff allow prisoners enough times and the law library in each unit or range is isolated, separate from where prisoners live and do their business.

10- The authority here, by depriving me and other people in the B/A unit an adequate access to the law library, are intentionally denying us that access that otherwise is even in much better manner available within other units here at the U.S.P. The "Admission And Orientation Hand book", by the U.S.P. here (updated on August 25, 2022, and signed by the warden, M. Starr on August 26, 2022, states, concerning the law library: "The law library is in the Education Department and contains a variety of legal reference material for use in preparing legal papers... The law library is open during convenient non-working hours, including weekends. An inmate law library clerk is available for assistance in legal research." Id. p. 18.

11- Following my motion, doc.135, requesting this court's order on parties' objections, doc.123, that I failed to receive, along with my request of 30-days extension; on 2.9-10-23 I received from the court the requested order/ ruling doc.123 along with the minute order, doc.138 granting me 30-days extension.

12- The Court's order is 27-pages long and overruled both; all of my objections as well as the Magistrate's recommendation, that's, the part of recommendation that allowed some of my claims to proceed. The order includes large number of cases that, in order for me to be adequately able to proceed beyond that order, I must necessarily carefully and thoroughly review along with other legal authorities. But that thorough review is unquestionably impossible here because of the lack of an adequate law library access as stated above.

13- The Court's minute order, doc.138, extended the deadline to 11·10·23, which is barely 11-days from the day I received the original requested order, doc.123, to the actual deadline. But even if I had the whole 30-days in-front of me as I'd requested; I cannot meet such deadline because I don't have the necessary access to the law library.

14- Because I cannot study and review the cases cited in the Court's order doc.123, along with other authority that may be necessary to be reviewed in order for me to file my motions, (as stated below, infra 15), I am therefore forced to ask this court to issue an appropriate restraining order (TRO); ordering the government to provide me an adequate law library access, and; to suspend this case's proceedings, specifically; my responsibility to meet the deadlines, until and after 30-days from the day the government started to provide me with the adequate law library access.

15- MY POTENTIAL FILINGS IN RESPONSE TO COURT'S ORDER DOC.123. Even though I can only firmly determine on which motion(s) to file after I have had an adequate legal research, it appears to me that I'll file motions under Rule 59(e) or Rule 60(b) or both. In addition, I may also decide, after my legal research, to file motion to amend my complaint, at least, in regard with some of the dismissed claims.

16- My intention in filing the above or other legal papers with this court is to attempt, adequately, to point into court's oversights or errors in its ruling that overruled my all objections as well as the magistrate judge's recommendation. That adequate motion is highely important here because even if this court will decline to reverse its ruling, that adequate motion would preserve the necessary issues for the appellate purposes.

17- The only reason I am asking for the TRO and the postponement of the case is because I don't have an adequate law library access and I need such access so I can adequately file the papers I believe necessary. Otherwise, I've no intention and no reason to unnecessarily failing to meet the court's deadline or delay this case. Similarly, I've no attention to stop litigating this case as a result of the court's order doc.123. I believe that this case is far from over.

18- MY EFFORTS TO GET THE ISSUE RESOLVED WITH THE STAFF: Soon after my arrival to this unit, B/A U.S.P, see supra at 1, and after my learning that the unit don't have the law library and that there's no unit team staff member who comes to the unit on daily bases for collecting legal mails for mailing... I started to speak with the staff. First, about seven or eight day after my arrival, I spoke to the counselor, as well as to the case manager, Ms. Childress. I told them I've three acting/ongoing civil cases (i.e; this one, and also other two cases; Mohamed v. Jones et al. NO. 20-CV-2516-RBJ-MDB; Mohamed v. English et al, No.1:22-CV-03213-CPG-MDB) and facing an imminent deadline (i.e: the pending deadline here) and therefore I need regular and adequate access to the law library, as well as regular staff member to pickup the legal mails... The two staff members appeared to appreciate my legitimate request. They told me that they will raise the issues to their superior fellow staff, the unit manager in particular.

19- After failing to get any response following my above verbal request, on 10.20.23; two weeks after I arrived here, I submitted the first, informal request to initiate the Administrative remedy grievance regarding the two stated issues. Few days later, the counselor, to whom I submitted the grievance, told me that the unit manager, Lazaruk, was looking to my grievance and whether I actually have an ongoing cases in the Court (Lazaruk; had previously submitted declaration in this case with the government's motion to dismiss... So he certainly know about this case, at least). I saw the counselor again on 31.10.23. Now she said, she hasn't heard any thing from the unit manager. I told the counselor I then have to file this current motion in attempt to get the authority here to provide me with the access to the law library.

20- I therefore decided to file the current motion as well as continue to file the A.R. I couldn't rely on A.R. alone because of several legitimate reasons that included; (a) The A.R. process usually takes between seven to ten months to complete, according to my own longtime experience, while the deadline here is imminent even after the first 30-days extension; (b) Also, based on my own personal experience the BOP, at least connected with the ADX Florence, have always denied my A.R's. I've no reason to believe that they'll do otherwise with this A.R.; (c) The stated lack of adequate access to the law library in this unit is been existed for longtime. Perhaps, forever. Prisoners who came here before me and who're still around told me that other prisoners have already raised the issue (and the issue is clear; actually need not be raised) with no success. Some prisoners were forced to commit some intentional infractions, so to be disciplined, and therefore, sent back to the ADX. They went back so to get adequate access to the law library.

-5-

21- SOME POSSIBLE SOLUTIONS: The U.S.P.'s authority can easely resolve this problem by one of these several means: (a) Installing the computer with the electronic law library in one of the many cells that are empty in the unit, B/A. The unit has about 64 cells. However, many of these cells are empty. And some, according to information from prisoners who're here for much longer time than myself, have been always empty. Currently, as of today, 10.3.23, the unit has atleast 30-empty cells. Beside those empty cells, there're other empty rooms, such as so called "chappel area"; un-used big room, apparently used to be used for religious activities, no longer available to prisoners. The unit also has an area called by some staff and prisoners "law library"; a room with a desk and computer... Prisoners are allowed to go there, per request, to watch some DVD's, etc. But there's no law library. I went, and no law library in there; (b) Allowing me having access to the law library located in Education department at the U.S.P.; see supra at 10. That can be done by either escorting me there every day when I'm in need of the law library, or housing me there; and (c) Installing a computer connected with similar law library available to prisoners in my own cell. I already have a tablet. So the usual "security" concerns cannot be a reason for denying me having a computer in my cell... The computer available in law libraries don't allow access to any other un-related materials. Also, the U.S.P. authority shouldn't be allowed to argue that such move; allowing me to have the computer for my legal research, would create demands from other people housed in the unit... That's because any such move would come from the fact that I was allowed to have the computer because of my on-going cases and omminent deadlines... So any other person who may request the same, may be required to meet those conditions exist in my case.

In short; the government is easely capable of providing me an adequate access to the law library. And this court should order it to do that.

22- It took me for almost two weeks to locate and right down the few citations I cites in my motion filed today. That's due to the above described hardship in doing any kind of legal research. I started to look to these few cases long before I received the court's order, doc. 123, on 10.29.23, because I knew before receiving it, I'll have to file this motion. But I couldn't file before I actually receive the order and the other order, doc.138, I had been waiting for.

Dated, 11.3.23
Khalfan Kh. Mohamed
U.S.P. High., P.O.BOX 7000
Florence, CO 81226

Khalfan Kh. Mohamed
s/ Mohammed

6-

[Exh. 2]

## DECLARATION OF MAILING

I, Khalfan Kh. Mohamed, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the below stated statement is true and correct:

On Friday, 11.3.2023 I have submitted for mailing to the court my "Motion for temporary restraining order/preliminary injunction and for the postponement of the proceedings...", along with my declaration, Exh.1; all submitted as a single legal mail to the counselor here at B/A unit, U.S.P, with sufficient amount of postage stamps for the first class mail. Address to the court's address:

Office of the Clerk,
United States District Court
901-19th St., Room A 105
Denver Co 80294-3589."

Date: 11.3.2023

Khalfan Kh. Mohamed
U.S.P. Mgh, P O Box 7000
Florence, Co 81226

Khalfan Kh. Mohamed
s/ Mohammed.





legal mail

Office of the clerk
United States District Court
901-19th St, Room A 105
Denver, CO 80294-3589

Khalfan Khamis Mohamed
U.S.P. High, P O Box 7000
Florence, CO 81226

FEDERAL PRISON CAMP
P.O. BOX 5000
FLORENCE, COLORADO 81226

DATE:

"SPECIAL LEGAL MAIL"

The enclosed letter was processed through special mailing procedure for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

NOV 08 2023

Legal mail