IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–02676–NYW–MDB

KHALFAN KHAMIS MOHAMED,
Plaintiff,

v.

SANTISTEVEN, in his individual and official capacities,
MEDRANO, in his individual and official capacities,
CONROY, in his individual and official capacities,
TRUE, in his individual and official capacities,
SEROSKI, in her individual and official capacities,
TURNER, in her individual and official capacities,
FEDERAL BUREAU OF PRISONS, and
UNITED STATES OF AMERICA,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff's Motion for Leave to File His Third Amended Complaint. (["Motion to Amend" or "Motion"], Doc. No. No. 159.) Defendants have responded and Plaintiff has replied. (["Response"], Doc. No. 167; ["Reply"] Doc. No. 168.) For the reasons discussed below, the Court **RECOMMENDS** this Motion be **DENIED** in part and **GRANTED** in part.

### *PRO SE* SUMMARY

The Court recommends that your Motion to Amend be denied in part, for several reasons. First, the Court finds Claims 1, 2, and 3 in your Proposed Third Amended Complaint, are not different enough from your prior claims, which have already been considered and rejected. Second, as to Claim 9, the Program Statements you cite are not discretion-constraining

1

regulations or rules that apply under the circumstances, and you should not be allowed to add a claim that will ultimately be dismissed. However, the Court recommends allowing amendment as to Claims 4, 5, 6, 7, 8, and 10 because Defendants do not oppose adding those claims for now, even though they reserve their right to seek dismissal of those claims later. This is only a high-level summary of this Court's decision and does not contain all the relevant information. The full decision is set forth below, along with details about your right to object to this decision.

## BACKGROUND

In his Motion to Amend, Plaintiff seeks to revive three previously dismissed official capacity claims (proposed Claims 1-3, previously asserted as Claims 3, 7, and 9) and one previously dismissed FTCA claim (proposed Claim 9, previously asserted as Claim 12). (*See* Doc. No. 168 at 1-5.) Plaintiff acknowledges these claims were previously dismissed, but argues he has valid reasons for reasserting them. (*Id.*) The proposed amended complaint includes other claims, but Defendants do not oppose those at this time. Instead, Defendants plan to file a motion to dismiss "after the Third Amended Complaint is accepted for filing." (Doc. No. 167 at 1, fn. 1.) Thus, for the purpose of this Report and Recommendation, the Court will focus its analysis on proposed Claims 1, 2, 3 ("Official Capacity Claims") and proposed Claim 9 ("FTCA Claim").

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend is properly withheld, however, "if the amendment would be futile." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotation omitted). Futility also applies to claims that have already been dismissed with prejudice. *Cf. Kahler v.*

2

*Walmart Inc.*, No. 18-cv-3162-WJM-KMT, 2020 WL 127974, at *4 (D. Colo. Jan. 10, 2020) ("Plaintiff cannot amend her complaint to include" a claim when "the Court has already dismissed that claim with prejudice").

In applying the above principles, this Court is mindful that Plaintiff proceeds *pro se* and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1269 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiffs as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I. Previously Dismissed Official Capacity Claims (Claims 1, 2, and 3 in the Proposed Third Amended Complaint, previously Claims 3, 7, and 9)

In reasserting his Official Capacity Claims, Plaintiff argues his current request for relief is narrow and specific, and his allegations are now supported by "ongoing sufferings[.]" (Doc. No. 168 at 2.) He also argues "Defendants' general opposition for the requested injunction . . . is prematured[,] [sic]" because Defendants cannot oppose the requested relief "before such relief is [sic] been issued." (*Id.* at 2-3.)

For their part, Defendants argue the Official Capacity Claims "are materially unchanged" from the prior complaint and describe "the same underlying conduct[.]" (Doc. No. 167 at 2-3.) They also note some of the "paragraphs are nearly verbatim." (*Id.*) Additionally, Defendants argue Plaintiff "endorsed" the dismissal of the prior official capacity claims and cannot revive them. (*Id.* at 2-5) And finally, Defendants argue the Official Capacity Claims "still suffer from the same failure to plausibly allege 'an immediate threat of future injury . . . and the relief requested is too broad, vague, or incapable of enforcement to be valid." (*Id.* at 4.)

3

The Court agrees with Defendants. Even though Plaintiff correctly notes the requested relief is different now, it is not different enough. Previously, Plaintiff sought an order that would require Defendants to adhere to the law and applicable regulations. (Doc. No. 75 at 31; Doc. No. 94 at 12.) Now Plaintiff seeks an order that Defendants provide adequate medical treatment. (Doc. No. 159-1 at 31.) And while Plaintiff goes on to describe his afflictions and concerns, (*id.* "high blood pressure; swelling and pain of my legs; constipation; passing urine uncontrobly [sic]; and all other necessary treatment…")), the request itself is simply a general demand for adequate medical care and diagnosis. This is too vague to satisfy Rule 65. *See Johnson v. Clarke*, No. 20-cv-00717, 2021 WL 3410320, at *1 (W.D. Va. Aug. 4, 2021) (injunctive relief "to provide adequate medical treatment is too vague and conclusory to be included in an injunction"); *CF&I Steel Corp. v. United Mine Workers of Am.*, 507 F.2d 170, 173 (10th Cir. 1974) (finding a decree is vague when the proscribed activity lacks particularity).

Moreover, while Plaintiff argues his allegations are supported by "ongoing sufferings," (Doc. No. 168 at 2), the "ongoing suffering" appears to be "health effects from defendant's *past* acts." (*Id.* at 2 (emphasis added).) This argument was already considered and rejected. (*See* Doc. No. 109 at 13 ("while Plaintiff plausibly alleges he still suffers adverse health effects from Defendants' past unlawful acts . . . the injunction he requests would not "prevent or redress" his ongoing injuries.").)

And finally, even assuming Plaintiff's amended request for relief is now sufficient, Defendants are correct that Plaintiff did not lodge an objection to this Court's recommended dismissal of these claims. Indeed, the presiding judge expressly noted the lack of objection when dismissing those claims. (Doc. No. 123 at 12 ("the Parties do not object to the Recommendation to the extent that Judge Dominguez Braswell concludes . . . Plaintiff lacks standing to bring any

official-capacity claims for injunctive relief because he has failed to adequately plead an immediate threat of future injury . . . .").) Plaintiff's opportunity to object and offer additional information for the court's consideration has now passed. *See Ayala v. U.S.*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). Plaintiff may be *pro se,* but he is a capable litigant, and in any event, the Court cannot apply different rules simply because Plaintiff proceeds without counsel. *See Requena*, 893 F.3d at 1205.

In short, the Court does not see a basis for permitting Plaintiff to reassert these previously dismissed claims, and his Motion to Amend should be denied as to the Official Capacity Claims set forth in Claims 1-3.[1]

## II.     Previously Dismissed FTCA Claim

Plaintiff also seeks to revive a claim for negligent supervision under the FTCA. The FTCA Claim (currently proposed as Claim 9, and previously asserted as Claim 12) is based on allegations that Defendant Medrano failed to provide adequate supervision during the medical escort associated with the hunger strike at issue. (Doc. No. 159-1 at ¶¶ 180-184.)

A brief procedural history on the FTCA claim is in order.

Defendants previously moved to dismiss the currently proposed Claim 9 (previously Claim 12), for falling within the discretionary function exception. This Court rejected

---

[1] In his Reply, Plaintiff also argues "Defendants completely failed to argue that Plaintiff's allegations do not establish violation [sic] of his constitutional rights under the Eighth Amendment." (Doc. No. 168 at 3). To the extent that can be read as a request to reassert previously dismissed *Bivens* claims, that request should also be denied. The presiding judge dismissed Plaintiff's *Bivens* claims (including then-claims 3, 7, and 9) because "the BOP's AR program offers an independently sufficient ground to foreclose a *Bivens* claim and this Court cannot say it is 'undoubtedly better positioned than Congress to create a damages action' here.") (Doc. No. 123 at 22-23 (quoting Doc. 109 at 22–23).).

Defendants' arguments, concluding that Plaintiff had sufficiently alleged "a discretion-constraining regulation[ ] or polic[y] that [took] the challenged actions outside the scope of the discretionary function exception." (Doc. No. 109 at 28.) Specifically, the Court found Plaintiff's allegations concerning 28 C.F.R. § 549.62(a)[2] and 28 C.F.R. § 549.64(c),[3] were sufficient.[4] On this basis then, the Court recommended that Plaintiff be allowed to proceed with his negligent supervision claims.

However, the presiding judge disagreed. She found this Court correctly identified the central question—whether Plaintiff identified any discretion-constraining regulation—but she disagreed that 28 C.F.R. § 549.62(a) and 28 C.F.R. § 549.64(c), applied. (Doc. No. 123 at 24-25.) Specifically, the presiding judge held the FTCA claims were "not based on a theory of *negligence* arising out of Defendants Medrano's and Santisteven's conduct with respect to Plaintiff's food trays, but upon a theory of *negligent supervision* arising from the April 15, 2020 escort described in the Second Amended Complaint." (Doc. No. 123 at 25 (emphasis added, citations omitted).) She further explained that "[n]either 28 C.F.R. § 549.62(a) . . . or 28 C.F.R. § 549.64(c) . . . sets forth a mandatory course of conduct for transport of an inmate who is observed to be on a hunger strike, or addresses how such transport must be supervised." (*Id.*) She also observed that "Plaintiff has identified no other policies or regulations that specifically dictate how either Defendant Medrano or Defendant True must use their BOP staff or how

---

[2] Requiring BOP staff to "refer an inmate who is observed to be on hunger strike to medical or mental health staff for evaluation."

[3] Requiring that BOP staff "remove any commissary food items and private supplies of the inmate while the inmate is on a hunger strike."

[4] The Court found them sufficient because the underlying conduct allegedly concerned: (i) falsifying Plaintiff's food intake records to avoid the requisite medical or mental health referral, and (ii) a refusal to remove food items from Plaintiff's cell. (Doc. No. 109 at 28-29.)

6

guards must be supervised." (*Id.*) On that basis she found Plaintiff failed to satisfy his burden of showing his negligent supervision claims fall outside the discretionary function exception. She noted her conclusion was "based on the general understanding that prison staffing decisions are discretionary." (*Id.* at 25-26.)

Now, Plaintiff offers two new allegedly "discretion-constraining" policies: Program Statement 5566.06: Use of Force and Application of Restraints ("PS 5566.06"), and Program Statement 3420.11: Standards of Employee Conduct ("PS 3420.11"). (*See* Doc. No. 159-1 ¶¶ 181, 183).[5]

**A. Plaintiff's new allegations regarding PS 5566.06 do not restore his FTCA Claims**

In his proposed amended complaint, Plaintiff quotes from the following provision of PS 5566.06:

> [e. Staff may apply restraints (for example, handcuffs) to the inmate who continues to resist after staff achieve physical control of that inmate and may apply restraints to any inmate who is placed under control by the Use of Force Team Technique. If an inmate in a forcible restraint situation refuses to move to another area on his own, staff may physically move that inmate by lifting and carrying the inmate to the appropriate destination. **Staff are cautioned not to use the restraints for lifting or carrying an inmate.** [f] Restraints should remain on the inmate until self-control is regained.

(*Id.* at ¶ 181 (quoting PS 5566.06 at 7 (Plaintiff's quoted language emphasized in bold)).) He also quotes the following:

> After any use of force or forcible application of restraints, the inmate shall be examined by qualified health personnel, and any injuries noted, immediately treated.

---

[5] The Court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and documents subject to judicial notice—including public records like the Program Statement. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840-41 (10th Cir. 2017); *see also Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (in addition to the complaint, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

(*Id.* (quoting PS 5566.06 at 17).) And the following:

> Videotape Review. The After-Action Review Team should review the actions of the staff for compliance with the Correctional Services Manual and this policy. At a minimum, this review should include the following:
>
> **The Lieutenant displayed professional behavior during the Forced Cell Team technique**.
>
> **The Lieutenant ensured only the force necessary to control the inmate is used**, based on the nature of the incident.
>
> **The Lieutenant monitored the actions of the inmate and team members; and was not involved** in subduing the inmate **unless it is deemed necessary to prevent staff or inmate injury**.

(*Id.* (quoting PS 5566.06 at 20) (Plaintiff's quoted language emphasized in bold).)

In quoting from these provisions, Plaintiff appears to allege that PS 5566.06 limits the use of restraints under certain circumstances and that Defendant Medrano's failure to inspect the restraints (or call a nurse to do so), was a violation of this policy. (*Id.* at ¶¶ 181-82.) He also argues PS 5566.06 required Defendant Medrano to intervene and protect Plaintiff. (*See* Doc. No. 168 at 4.)

Defendants argue that even if the cited provisions are applicable, "[n]either the statements that Plaintiff quotes, nor other statements in that document, *mandate* how Medrano was to *supervise* the application of restraints or intervene during an escort." (Doc. No. 167 at 6 The Court agrees.

Pursuant to the presiding judge's most recent order on this issue, Plaintiff must identify a discretion-constraining policy or regulation that concerns *supervision*, not just underlying conduct. (*See generally* Doc. No. 123 at 25 (finding Plaintiff's FTCA negligent supervision claim failed because the regulations at issue did not specify how a supervisor must use their staff or how staff must be supervised).) The provisions Plaintiff quotes—and other provisions in PS

8

5566.06—concern the use of restraints and force, but they do not mandate how a supervisor must conduct him or herself during an escort or application of restraints. At best, PS 5566.06 requires an after-action review, (*see* PS 5566.06 at 20), identifies the circumstances under which a supervisor must be notified of an incident (*see id.* at 4, 10), and describes the type of restraint that requires supervision, (*see id.* at 14). It does not, however, "dictate how . . . Defendant Medrano . . . must use [his] BOP staff or how guards must be supervised." (Doc. No. 123 at 25.)

In any event—and as Defendants correctly point out—the Program Statement's focus is the use of force to subdue a prisoner, but here, Plaintiff's allegations concern the initial application of restraints and his transport to and from the medical room. (*See* Doc. No. 123 at 6; Doc. No. 109 at 25-26.) The Program Statement expressly disclaims application under these circumstances:

> This rule on application of restraints **does not restrict the use of restraints in situations requiring precautionary restraints, particularly in the movement or transfer of inmates** (e.g., the use of handcuffs in moving inmates to and from a cell in detention, escorting an inmate to a Special Housing Unit pending investigation, etc.)

(PS 5566.06 at 2 (emphasis added).) Because PS 5566.06 is not a discretion-constraining regulation or rule that applies under the circumstances, and it cannot form the basis of Plaintiff's FTCA Claim.

**B. Plaintiff's new allegations regarding PS 3420.11 also do not restore his FTCA Claim**

Plaintiff relies on the following language from PS 3420.11:

- "An employee may not use brutality, physical violence, or intimidation toward inmates or use any force beyond what is necessary to subdue an inmate." (*See* Doc. No. 159-1 at ¶ 183 (quoting PS 3420.11 at 7).)

- "In their official capacity, employees may not use profane, obscene, or abusive language when communicating with inmates, fellow employees, or others." (*Id.* (quoting PS 3420.11 at 8).)

9

- "Employees shall conduct themselves in a manner that will not be demeaning to inmates, fellow employees, or others." (*Id.*)

- "Employees will immediately report any violation, or apparent violation, of standards of conduct to their Chief Executive Officer (CEO) or another appropriate authority." (*Id.* (quoting PS 3420.11 at 2).)

Defendant argues Plaintiff's quoted language does not dictate "'how guards must be supervised' with respect to restraint or escort procedures." (Doc. No 167 at 7 (quoting Doc. No. 123 at 25.).) The Court agrees. As noted above, Plaintiff must point to a policy or regulation that expressly outlines supervision protocols applicable under the circumstances. (*See* Doc. No. 123 at 25.) PS 3420.11 does not, and cannot form the basis of Plaintiff's FTCA Claim. In the absence of an applicable policy or regulation—and based on the general understanding noted by the presiding judge "that prison staffing decisions are discretionary"—the FTCA Claim continues to "fall within the discretionary function exception," and the Motion to Amend should be denied as to this claim. (Doc. No. 123 at 25-26.)

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Defendants' Motion to Amend be:

(1) **DENIED** with respect to Claims 1, 2, 3, and 9; but

(2) **GRANTED** with respect to Claims 4, 5, 6, 7, 8, and 10.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not

preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala*, 980 F.2d at 1352 (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated: March 27, 2024.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge