FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 16 2024
JEFFREY P. COLWELL
CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Mohamed v. Santisteven et al, No. 21-cv-02676-NYW-MDB.

## PLAINTIFF'S REPLY IN SUPPORT TO HIS "170": OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION "169"

On 3.27.24 the magistrate Judge ("MJ") recommended that the court shouldn't allow plaintiff to amend his three official capacity claims and one of his FTCA claims. Doc. 169. Consequently, plaintiff filed an objection against the recommendation ("recom") as to the dismissal of the three official capacity claims. Doc. 170. On 4.29.24, the defendants filed their response (resp.) to plaintiff's objection. Resp. Doc. 171. Along with this reply, plaintiff simultaneously filed his motion for the court's leave to allow him to file this reply. In that motion, he stated his reasons as to why this reply is warranted here.

Defendants' resp. contains both, repeated as well as new, first time asserted argument. Both type of the argument should be rejected by this court.

### A- Repeated Argument to which Plaintiff Has Already Responded/ Argued Against:

On p. 2-3 of their response and under the heading "Plaintiff fails to plead deliberate indifference that supports the injunctive relief he seeks: doc. 171, the defendants attempted to show that plaintiff's three claims fail. That's because were already encompassed in plaintiff's dismissed claims. Id. p. 3. In that effort; to show the similarity between the previously dismissed and the now proposed official capacity claims they further stated:

> In the second amended complaint, plaintiff asked the court to order the BoP to "adhere with the law and existing BoP regulations, and those claims were dismissed. Now plaintiff asks for an injunctive ordering the BoP to provide medical treatment, which is simply a different way to ask for an order that the BoP comply with the law". Id p. 3-4.

That's misleading however. Plaintiff has shown in three of his recently filed papers that the three proposed claims here aren't

-1-

similar to those that are previously dismissed. (see plaintiff's motion to amend, doc. 159 p. 2; his reply in support to that motion, doc. 168, p. 1-3, and his objection, doc. 170, p. 2-4, 9). Plaintiff incorporates by reference here his previously made argument.

The defendants themselves appear to acknowledge the difference between the two amendment. The defendants listed at least some of plaintiff ongoing sufferings and needs. See doc. 171, p. 2.

Another previously made and responded to argument is that "the proposed injunction is not enforceable", Id at 8-9. Plaintiff has responded to that argument in his reply, doc. 168, p. 2-3. Additionally, the defendants have failed to inform this court what are those necessary details and particularities that are missing from plaintiff's allegations and request for injunctive relief. The cases cited by the defendants' response are misplaced. The vagueness mentioned in those cases is not available here. Plaintiff's proposed amendment details his injuries, connects them to the defendants' actions or inaction, and seeks the specific treatments accordingly. Defendants further appear to acknowledge that as well. (see doc. 171, at 9; describing plaintiff's "particular treatment" request.

The above arguments should be rejected.

B- Defendants' New, First Time Asserted Argument:

Defendants' resp., doc. 171 also present new argument. The argument appears to be based on two related theories. First, that plaintiff failed "to allege ongoing deliberate indifference", Id. at 4. And second; his allegations against Santisteven, Conroy and Seroski don't establish the violations he alleged. Id.

The court should reject the above argument for three main reasons; one: The defendant have already waived this argument due to the failure to raised it previously before the M.J.; two: Even if they have adequately raised the argument previously, plaintiff allegations contain enough facts to establish the alleged violations based on actions or ommissions of the three defendants; and; three: the above argument is misplaced here. The proper and relevant place of such argument is at the motion to dismiss, not here.

2

1- <u>The Defendants Have Waived The Argument</u>: And that's because they failed to present it previously. No where in their previously filed "response" to plaintiff's motion to amend, <u>doc. 167</u>, the defendants in any meaningful way have argued that plaintiff failed to allege an ongoing constitutional violation or sufferings. They certainly never argued any where that plaintiff's allegations against Santisteven, Conroy, and Seroski failed to established the alleged violation based on the theory of deliberate indifference on their part. The Recom. itself, been heavily adopted defendants' argument, doesn't any where bring the above theory. Far from their now argument, defendants previously have acknowledged that had alleged ongoing health effects. <u>Doc. 167 at:3-4</u>.

The law here provides two relevant guidence. <u>First</u>: the defendants have already waived the argument. And <u>second</u>: the injunctive relief is intended for both: ongoing violations as well as past violations that may be redressed by the injunction.

In the <u>first</u> instance, the Tenth Circuit stated that "Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived..." <u>Marshall v. Charter 75 F.3d 1421, 1426 (10th Cir. 1996)</u>. <u>See also Freeman v. Horst, 2023 U.S. Dist. LEXIS 222971, Case No. 22-CV-02277-NYW-STV. Dec. 14, 2023)</u> (Concluding that "plaintiff's argument, raised for the first time in his objections are waived." that's because "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").

And, in the <u>second</u> instance, when it comes to injunctive relief requirement, the Supreme Court says "a plaintiff must show that he is under threat of suffering injury in fact; the injury must be actual and imminent;... it must be fairly traceble to the challenged action of the defendants; and must be likely that a favorable judicial decision will...redress the injuries". <u>Summers v. Earth Island Inst. 555 U.S. 488, 493 (2009)</u>. Additionally, the effects and the continuing injuries of the past violations are relevant for the purpose of injunctive relief, contrary to defendants' position. <u>See O'Shea v. Littleton, 414 U.S. 488, 495-6 (1974)</u> ("Past exposure to illegal conduct does not in itself show a present case of controversy regarding injunctive relief; however,

-3-

if unaccompanied by any continuing, present adverse effects"); Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co., 765 F.3d 1205, 211 (10th Cir. 2014) ("when prospective relief - such as injunction - is sought, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future").

Finally here: neither the defendants nor the Recom. have ever argued or concluded that the plaintiff's ongoing injuries, as laid forth in his proposed amended complaint are not caused by or un"traceable to the" defendants' acts or omissions.

2- Plaintiff's Allegations Contain Enough Facts: that is, to establish the three defendants' deliberate indifference toward plaintiff's substantial and serious medical needs... That means, even if the defendants have previously raised the above argument, see supra, "B", p-2, still, plaintiff's three claims should be allowed to proceed here because have met the necessary pleading standard in relation to each of the three defendants.

Santisteven: plaintiff has alleged that the officer was an experience and knowledgeable of the relevant policies. Yet, he went on into violating those policies regarding hunger strike, knowingly, and after witnessing plaintiff's obvious sickness and medical needs... He told plaintiff "fucked-up", and "didn't care if he eat or die". Doc. 169, p.7, at 23-26. He went on falsifying the food record, caused plaintiff to suffer several serious injuries. Santisteven then, admitted to plaintiff all of his crimes. Id at 66-71, see also the "injuries", at 189-193.

Conroy: Dr. Conroy refused to provide the required treatment and care to plaintiff even after witnessing plaintiff's serious medical needs and hearing plaintiff's complaint. She told plaintiff neither herself nor any other staff was concerned with those very serious conditions... Id at 89-119.

Seroski: P.A Seroski even after was first informed of, and then herself witnessed plaintiff serious medical needs, she continuously and deliberately refused to renew previously prescribed vital medications. Id at 121-137. She then admittedly manifested her recklessness and disregard to plaintiff's well being. Id. at 138.

As a result of these defendants' acts and omissions, plaintiff unnecessarily suffered and continue to suffer.

-4-

**3- The Proper Place for the Above Argument is at the Motion to Dismiss, Not Here:** Finally, the third reason as why the defendants' argument that plaintiff failed to allege an ongoing deliberate indifference and his allegations against the three defendants do not established the alleged violation, see supra at "B" p.2, is that such argument doesn't belong to motion for amending complaint as it's here. Rather, the proper moment for such argument is at the motion to dismiss. The court should refuse to allow the defendants more than one opportunity to argue for the same issues. The government, because it's the government, cannot turn this Rule 15 of FRCP into one of Rule 12(b)(6). Neither can it be fair to plaintiff to be required to defend his pleadings here and then under the Rule 12(b)(6) later on.

In any event, plaintiff incorporates by reference all of his allegations detailed in his proposed amended complaint, Doc-152, hereby, especially, those of claims one, two, and three.

**Conclusion:**
For the above stated reasons, the court should overrule the Recom., doc.169 as well as defendants' response, doc.171, regarding the dismissal of the three official capacity claims. And thus, allow these claims to proceed with the FTCA claims.

Dated: 5.6.24
Khalfan Kh.Mohamed
U.S.P. High, PO BOX 7000
Florence, CO 81226.

Khalfan Kh. Mohamed
s/ Mohammed.

**CERTIFICATE OF SERVICES:**
I, Khalfan Kh.Mohamed, hereby certify that on 5.6.24 have mailed my Reply to the court, addressed to:
Office of the clerk, United States District Court, 901-19th st; Room A 105, Denver, CO 80294-3589.

Dated: 5.6.24
Khalfan Kh. Mohamed
US-P. High, PO BOX 7000
Florence, CO 81226

Khalfan Kh. Mohamed
s/ Mohammed

-5-



DENVER CO 802

14 MAY 2024

Khalfan Khmohamed #44623-054
U.S.P. Florence High, P.O.Box 7000
Florence, CO 81226

2nd.

legal mail

Office of the clerk
United States District Court
901-19th St, Room A105
Denver, CO 80294-3589

80294-250151

legal mail.

FEDERAL PRISON CAMP
P.O. BOX 5000
FLORENCE, COLORADO 81226

DATE: _____

SPECIAL/LEGAL MAIL

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

MAY 10 2024