IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02676-NYW-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on (1) the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell (the "Recommendation"), [Doc. 169, filed March 27, 2024]; and (2) Plaintiff's Motion for Reconsideration on the Court's Order (the "Motion for Reconsideration"), [Doc. 158, filed January 8, 2024], filed by Plaintiff Khalfan Khamis Mohamed ("Plaintiff" or "Mr. Mohamed"). Judge Dominguez Braswell recommends granting in part and denying in part Plaintiff's Motion for Leave to File His Third Amended Complaint (the "Motion to Amend"), [Doc. 159, filed January 8, 2024]. Plaintiff has filed an Objection to the Magistrate Judge's Recommendation, [Doc. 170], to which Defendants[1] have filed a Response, [Doc. 171]. Plaintiff has also sought leave to

---

[1] Currently, the only Defendant in this action is the United States. *See* [Doc. 123 at 7, 27]. However, because Plaintiff's proposed amended pleading would reintroduce parties that were previously represented by the same counsel as the United States, and because the Motion for Reconsideration addresses claims against previously dismissed individuals that were also represented by counsel for the United States, certain responsive filings appear to have been made on behalf of these additional parties. *See, e.g.,* [Doc. 166; Doc. 167; Doc. 171]. When this is the case, the Court refers to "Defendants."

file a reply in support of his Objection. [Doc. 172]. Separately, Defendants oppose the Motion for Reconsideration. [Doc. 166]. For the reasons below, this Court respectfully **ADOPTS** the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Motion for Reconsideration is further **DENIED as moot**.

## LEGAL STANDARDS

### I.  Motion to Amend

As relevant here, Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Accordingly, a general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, futile, or would cause substantial prejudice, undue delay, or injustice, *see Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

**II.     Motion for Reconsideration**

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II*, LLC, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  And "[t]he Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed."  *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Servants of the Paraclete*, 204 F.3d at 1012).  "[T]he decision to grant reconsideration is committed to the sound discretion of the district court." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

**III.    Standard of Review**

    **A.     Pro Se Litigants**

Plaintiff is proceeding pro se.  As such, the Court affords his filings a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

3

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). Mr. Mohamed's pro se status does not exempt him from complying with the procedural and substantive rules that govern all claims. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

### B. Magistrate Judge Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a [magistrate judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## BACKGROUND

Mr. Mohamed filed this civil rights action on September 30, 2021, [Doc. 1], with his Second Amended Complaint docketed on November 15, 2022, [Doc. 75]. Defendants moved to dismiss the Second Amended Complaint. [Doc. 81]. On September 29, 2023, this Court adopted in part a prior recommendation of Judge Dominguez Braswell with

respect to that motion. [Doc. 123]. In its Order, this Court determined that only Plaintiff's battery claims against Defendant United States, brought under the Federal Tort Claims Act ("FTCA"), should survive. *See* [*id.* at 26–27].[2] The Court also noted that Plaintiff had not objected to Judge Dominguez Braswell's determination that he "lack[ed] standing to bring any official-capacity claims for injunctive relief because he [had] failed to adequately plead an immediate threat of future injury." [*Id.* at 12]. Finding no clear error in that analysis, the Court adopted Judge Dominguez Braswell's conclusion without objection. *See* [*id.*].

Defendant United States, as the only remaining adverse party on Plaintiff's FTCA claims, answered Plaintiff's Second Amended Complaint on October 20, 2023. [Doc. 140]. However, Plaintiff did not seek to proceed on the remaining counts of the Second Amended Complaint. Instead, on January 8, 2024, Plaintiff filed the Motion to Amend, attaching a new pleading which this Court calls the "Proposed Third Amended Complaint." [Doc. 159]; *see also* [Doc. 159-1]. At the same time, Plaintiff filed the Motion for Reconsideration, which asks this Court to revisit certain aspects of its September 29, 2023, Order respecting the Second Amended Complaint's partial dismissal. [Doc. 158]. Defendants have responded to both Motions. [Doc. 166; Doc. 167]. Plaintiff filed a reply brief as to only the Motion to Amend. [Doc. 168].

The Proposed Third Amended Complaint includes ten causes of action—three claims against formerly dismissed prison employees in their official capacities for deliberate indifference under the Eighth Amendment (Proposed Claims 1–3); and seven

---

[2] This Court cites filings in this case by reference to the docket and page numbers assigned by CM/ECF.

5

claims against the United States under the FTCA for negligence, battery, negligent supervision, and failure to protect (Proposed Claims 4–10).  *See* [Doc. 159-1 at 8–27, 31].  With respect to the FTCA claims, Plaintiff seeks damages.  [*Id.* at 31].  With respect to the official-capacity claims, Plaintiff seeks

> a judgment that . . . the government provides an immediate and adequate medical treatment that include; treatment to find the reason and treatment of; my high blood pressure; swelling + pain of my legs; constipation; passing urine uncontrobly; and all other necessary treatment that can only be determined after an appropriate medical expert exam me and talk to me.  Some of my medical conditions couldn't be detailed in my complaint due to privacy, cultural, and religious reasons.  But I'll reveal them to such an expert in privacy.

[*Id.*].[3]  Defendants oppose amendment with respect to the three official-capacity claims (Proposed Claims 1–3) and one of the FTCA claims (Proposed Claim 9).  *See* [Doc. 167 at 7].

This Court referred the Motion to Amend to Judge Dominguez Braswell, [Doc. 160], who has prepared the instant Recommendation, [Doc. 169].  The Motion to Amend, Motion for Reconsideration, and Recommendation are ripe for consideration.

## ANALYSIS

### I.     Motion to Amend

#### A.     The Recommendation

Judge Dominguez Braswell recommends that the Motion to Amend be granted in part and denied in part.  Specifically, and consistent with Defendants' position, she recommends permitting amendment as to Proposed Claims 4–8 and 10, but not Proposed Claims 1–3 and 9.  *See* [Doc. 169 at 10].

---

[3] When this Court quotes from Plaintiff's filings, it does so without the use of [sic] or the correction of spelling or syntax.

6

First, the Recommendation notes that Proposed Claims 4–8 and 10 are unopposed for purposes of amendment, although Defendants "reserve their right to seek dismissal of those claims later." [*Id.* at 2]. Next, Judge Dominguez Braswell compares Proposed Claims 1–3 to the previously dismissed official-capacity claims in the Second Amended Complaint as to which this Court and Judge Dominguez Braswell determined, without objection, that Plaintiff lacked standing. *See* [*id.*]. The Recommendation reasons that while the injunctive relief sought pursuant to these claims differs from what was sought in the Second Amended Complaint, "it is not different enough," and "is simply a general demand for adequate medical care and diagnosis" that is "too vague to satisfy Rule 65." [*Id.* at 4]; *see also* [Doc. 159-1 at 31]. The Recommendation also notes that Plaintiff's position with respect to his ongoing suffering from past injuries warranting injunctive relief has already been rejected. *See* [Doc. 169 at 4]. Even if this Court finds the requested relief to be sufficient, however, Judge Dominguez Braswell recommends rejecting Proposed Claims 1–3 because Plaintiff did not object to the dismissal of similar or identical claims in the Second Amended Complaint. *See* [*id.* at 4–5]. Finally, the Recommendation concludes that Proposed Claim 9 falls within the discretionary-function exception to FTCA liability and would thus be futile. [*Id.* at 5–10].

Plaintiff's Objection is limited to Proposed Claims 1–3. *See* [Doc. 170 at 1]. Plaintiff's arguments include (1) that Proposed Claims 1–3 are different from the claims previously asserted in the Second Amended Complaint that were dismissed with prejudice, [*id.* at 2–4]; (2) that the relief requested in connection with Proposed Claims 1–3 is sufficiently specific or could be judicially narrowed, [*id.* at 4–5]; (3) that the Recommendation is contrary to Supreme Court and Tenth Circuit precedent, as well as

recent practice in this District, [*id.* at 5–7]; (4) that the Recommendation did not liberally construe Plaintiff's pro se filings, [*id.* at 7–9]; (5) that the issue with respect to ongoing suffering has not been previously adjudicated, [*id.* at 9]; and (6) that Plaintiff's failure to object to the dismissal of similar claims is irrelevant because Proposed Claims 1–3 are different claims and the Court's dismissal did not preclude Plaintiff from filing new official-capacity claims, [*id.*].[4]  In their Response, Defendants contend (1) that the previously dismissed official-capacity claims "fairly encompassed" and "are not meaningfully different from" Proposed Claims 1–3, [Doc. 171 at 3–4]; (2) that Plaintiff fails to "allege an ongoing constitutional violation or immediate risk of future harm" that can be redressed, [*id.* at 4–8]; and (3) that the injunction Plaintiff seeks would be unenforceable for vagueness, [*id.* at 8–10].  Plaintiff has also filed a Motion for Leave to File Reply in Support to His Objection to the Magistrate Judge's Recommendation, [Doc. 172], which the Court **GRANTS** without objection.  In the Reply, as relevant here, Plaintiff contends that Defendants' argument with respect to an ongoing constitutional violation is waived, fails on the merits, and belongs in a motion to dismiss.  [Doc. 172-1 at 2–5].

B.   Discussion

As an initial matter, the Parties do not object to the Recommendation to the extent that Judge Dominguez Braswell concludes that the Motion to Amend should be denied as to Proposed Claim 9 and granted as to Proposed Claims 4–8 and 10.  *See* [Doc. 169 at 2, 5–10]; *see also* [Doc. 170 at 1 (noting that Plaintiff's Objection is limited to Proposed

---

[4] To the extent that Plaintiff also argues that Judge Dominguez Braswell did not fully consider the Proposed Third Amended Complaint or the arguments in his Motion to Amend, *see* [Doc. 170 at 2], the Court respectfully disagrees with that characterization of the Recommendation.

Claims 1–3); Doc. 171 at 2 (same)]. In the absence of an objection, a district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers*, 927 F.2d at 1167; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law with respect to these uncontested issues. Finding no clear error in these aspects of the Recommendation, the Court **ADOPTS** Judge Dominguez Braswell's conclusions as to Proposed Claims 4–10.[5]

Turning to the dispute with respect to Proposed Claims 1–3, which this Court reviews de novo, this Court respectfully agrees with Defendants that, even assuming the claims are not foreclosed by the previous dismissal with prejudice of similar claims that sought broader relief, "Plaintiff's proposed amended claims offer no plausible, factual support for the BOP's current deliberate indifference to any serious medical needs or the

---

[5] In his Objection, Plaintiff flags a concern that the Recommendation "appears to let the government to determine the fate" of his case. [Doc. 170 at 9]. However, Judge Dominguez Braswell's Recommendation to permit certain amendments based on Defendants' consent, and disallow others based on futility, is wholly consistent with Rule 15 and the legal framework for amendment. *See, e.g.*, Fed. R. Civ. P. 15(a)(2); *Frank*, 3 F.3d at 1365.

9

immediate threat of future harm."  [Doc. 171 at 5].  In his Proposed Third Amended Complaint, Plaintiff seeks solely injunctive relief in connection with Proposed Claims 1–3. *See* [Doc. 159-1 at 31].   But Plaintiff's allegations describe only *past* deliberate indifference by certain individual prison employees, mostly occurring in 2020 and 2021 in connection with Plaintiff's hunger strike.  *See* [*id.* at ¶¶ 22–140].

Plaintiff alleges that certain physical symptoms that commenced around the time of the alleged deliberate indifference have continued into the present day.  *See, e.g.*, [*id.* at ¶ 191].  Critically, however, the Proposed Third Amended Complaint supplies no factual basis for concluding that Defendants' alleged deliberate indifference to Plaintiff's serious medical needs extended past 2021, let alone that it is ongoing or may recur.  *See, e.g.*, *Foreman v. Elam*, No. 6:18-cv-00071-RAW-SPS, 2019 WL 1413755, at *2 (E.D. Okla. Mar. 28, 2019) ("To the extent [p]laintiff is seeking injunctive relief against [d]efendants in their official capacities, as discussed below, those claims must fail as there are no ongoing constitutional violations."); *Baker v. Haun*, 333 F. Supp. 2d 1162, 1165 (D. Utah 2004) (injunctive relief under the Prison Litigation Reform Act "requires a current and ongoing violation of a federal right"); *see also* 18 U.S.C. § 3626.  In fact, Defendants represent that Plaintiff has since transferred into a different facility and that the medical providers named in Proposed Claims 1–3 have also been reassigned.  *See* [Doc. 171 at 6 & n.1]. Plaintiff even acknowledges that, around the time of the hunger strike, he received treatment from other medical professionals who are not named in any of the official-capacity claims.  *See, e.g.*, [Doc. 159-1 at ¶¶ 124–28].  This Court's independent review of the Proposed Third Amended Complaint indicates that any and all specifically alleged misconduct in connection with Proposed Claims 1–3 occurred several years ago and is

10

not alleged to be ongoing or likely to recur. Plaintiff's arguments in the Objection do not counsel a different conclusion on the law or the facts. *See* [Doc. 170 at 2–9].

The same is true of the Reply, which addresses this argument at length. First, Plaintiff's waiver theory relies upon authority suggesting that a ground for objection to a magistrate judge's recommendation is waived if it was not presented to the magistrate judge, [Doc. 172-1 at 3 (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996))], but that does not support the proposition that arguments supporting a recommended disposition cannot be considered in the reviewing court's discretion, particularly where an objection calls for de novo review. Regardless, Defendants appear to have made the underlying argument in briefing the Motion to Amend. *See, e.g.*, [Doc. 167 at 4]. Second, Plaintiff's cases are not persuasive on these facts. For example, while the Supreme Court held in *O'Shea v. Littleton* that "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," the Court centered its analysis on "the prospect of future injury." 414 U.S. 488, 496 (1974). Here, for the reasons discussed above, Plaintiff has not shown a likelihood of future injury that can be redressed in this lawsuit. *See* [Doc. 172-1 at 4 (highlighting allegations of past conduct)]. Nor do Plaintiff's arguments about his continuing injuries from past conduct account for the judicial focus in the prison-litigation context on whether the *violation* is ongoing such that prospective injunctive relief is appropriate. *See, e.g.*, *Koram v. CT Dep't of Corr.*, No. 3:23-cv-00729-KAD, 2023 WL 8653979, at *12 (D. Conn. Dec. 14, 2023).

Finally, Plaintiff suggests that Defendant cannot "turn this Rule 15 of FRCP into one of Rule 12(b)(6)." [Doc. 172-1 at 5]. But that is precisely what Rule 15's futility analysis contemplates. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The

futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."). Including these claims would be futile, so the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** Judge Dominguez Braswell's Recommendation with respect to Proposed Claims 1–3. [Doc. 169 at 3–5].

## II.   Motion for Reconsideration

The Motion for Reconsideration, filed alongside the Motion to Amend, requests that this Court reconsider certain aspects of its Order dismissing parts of the Second Amended Complaint. *See generally* [Doc. 158]. However, "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). The Court cannot simultaneously reconsider a decision dismissing a prior pleading while permitting a new pleading that supersedes the prior pleading to take effect. *See, e.g.*, *Laratta v. Barr*, No. 09-cv-02498-REB-MEH, 2011 WL 663006, at *1 (D. Colo. Feb. 14, 2011) (new operative pleading mooted prior motion for reconsideration). And the Motion for Reconsideration, as to which Plaintiff did not file any reply brief, acknowledges that Plaintiff seeks to amend his pleading. *See* [Doc. 158 at 12]. Based on the disposition of the Motion to Amend, the Motion for Reconsideration is **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)   Plaintiff's Motion for Leave to File Reply in Support to His Objection to the Magistrate Judge's Recommendation [Doc. 172] is **GRANTED**;

(2)   Plaintiff's Objection to the Magistrate Judge's Recommendation [Doc. 170] is **OVERRULED**;

(3) The Court **ADOPTS** the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Doc. 169];

(4) Plaintiff's Motion for Leave to File His Third Amended Complaint [Doc. 159] is **GRANTED in part** and **DENIED in part**;

(5) The Clerk of Court is **DIRECTED to DOCKET** the Proposed Third Amended Complaint [Doc. 159-1] separately as Plaintiff's Third Amended Complaint in this action;

(6) Consistent with this Order, the Third Amended Complaint only asserts those causes of action labeled as Claims 4, 5, 6, 7, 8, and 10, and the only Defendant in this case is the United States;

(7) Plaintiff's Motion for Reconsideration on the Court's Order [Doc. 158] is **DENIED as moot**;

(8) This matter is **REFERRED** to Judge Dominguez Braswell to conduct a Status and/or Scheduling Conference; and

(9) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Khalfan Khamis Mohamed
#44623-054
Florence High
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 7000
Florence, CO 81226

DATED: July 11, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge