IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02676-NYW-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,
v.

UNITED STATES OF AMERICA,

    Defendant.

---

**DEFENDANT'S MOTION TO CLARIFY THE RECORD
REGARDING REMAINING CLAIMS**

---

Pursuant to Federal Rules of Civil Procedure 54(b) and 60(a), and the Court's inherent authority to revisit non-final orders, Defendant respectfully moves the Court to clarify the record that the remaining claims in this action are Claims 6 and 7 of the Third Amended Complaint, ECF No. 174 ¶¶ 171-173—not Claims 6, 7, and 9, as inadvertently stated in the Court's Order, ECF No. 191 at 22 (entered 3/28/25).[1]

## PROCEDURAL HISTORY

This case has a long and complicated procedural history. After Defendant answered the Second Amended Complaint, Plaintiff moved to amend. *See* ECF No. 159. As is relevant here, Claim 9 of the Proposed Third Amended Complaint asserted a claim for negligent supervision against Defendant Medrano under the Federal Tort Claims Act ("FTCA"). ECF No. 159-1 ¶¶ 180-184. The claim was materially identical to

---

[1] Because Plaintiff is an unrepresented prisoner, the Local Rules do not require conferral with respect to this motion. D.C.COLO.LCivR 7.1(b)(1).

Claim 12 of the Second Amended Complaint, ECF No. 75 ¶ 217 (FTCA claim against Defendant Medrano for negligent supervision), which the Court had dismissed "with prejudice." *See* ECF No. 123 at 27.

Defendant opposed Plaintiff's motion to amend as to Claims 1, 2, 3, and 9, which were defective claims that the Court had previously dismissed. *See* ECF No. 167 at 1. The Magistrate Judge recommended denying the motion to amend "with respect to Claims 1, 2, 3, and 9," ECF No. 169 at 10, and Plaintiff did not object to the recommendation as to Claim 9, *see* ECF No. 170 at 1 (objecting to the recommendation as to Claims 1-3); *see also* ECF No. 173 at 8-9 (Court's order noting the scope of Plaintiff's objection). The Court adopted the recommendation in full, thereby denying Plaintiff leave to amend as to Claims 1, 2, 3, and 9. ECF No. 173 at 8-9, 13. The Court clarified that Proposed Claim 9 was excluded from the Third Amended Complaint: "the Third Amended Complaint only asserts those causes of action labeled as Claims 4, 5, 6, 7, 8, and 10." *Id.* at 13. Rather than requiring Plaintiff to re-file another handwritten complaint containing only those surviving claims, the Court directed the Clerk of Court to docket the entire Proposed Third Amended Complaint as Plaintiff's Third Amended Complaint. *Id.*

Defendant then moved to dismiss Claims 4, 5, 8, and 10 of the Third Amended Complaint.[2] *See generally* ECF No. 177. The Court granted Defendant's motion and stated that "Claims Six and Seven and Claim Nine of Plaintiff's Third Amended Complaint [Doc. 174] remain." ECF No. 191 at 22. This statement did not account for

---

[2] In that motion, Defendant noted that the Court had denied leave to amend as to Claims 1, 2, 3, and 9. *See* ECF No. 177 at 1 n.1.

2

the Court's prior order excluding Proposed Claim 9 from the Third Amended Complaint, ECF No. 173 at 8-9, 13.  Because the Court did not re-analyze Claim 9, *see* ECF No. 191 at 6 ("Claims Six and Seven and Claim Nine are not at issue"), Defendant understands the statement that Claim 9 "remain[s]" to be an inadvertent clerical error, not a substantive reconsideration of the Court's prior order.

## ARGUMENT

Rule 54(b) authorizes the Court to "revise[]" any non-final order that adjudicates fewer than all claims in an action "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Rule 60(a) further authorizes the Court "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  The Court "may do so on motion or on its own, with or without notice."  *Id.*  Finally, the Court has inherent authority and discretion to revisit an interlocutory order before final judgment.  *See Price v. Philpot*, 420 F.3d 1158, 1168 n.9 (10th Cir. 2005); *Entek GRB, LLC v. Stull Ranches, LLC*, 113 F. Supp. 3d 1113, 1119 (D. Colo. 2015) (discussing "the Court's plenary power to revisit and amend interlocutory orders as justice requires" and limitations on that power).

The Court's two orders, ECF No. 173 and 191, are dispositive as to Claims 1, 2, 3, 4, 5, 8, 9, and 10 of the Third Amended Complaint.  Proposed Claim 9 has been excluded from the Third Amended Complaint.  *See* ECF No. 173 at 8-9, 13.  Defendant respectfully requests that the Court clarify on the docket that the only remaining claims in this action are Claims 6 and 7 of the Third Amended Complaint.

3

Respectfully submitted on April 3, 2025.

> J. BISHOP GREWELL
> Acting United States Attorney
>
> s/ Thomas A. Isler
> **Thomas A. Isler**
> Assistant United States Attorney
> 1801 California Street, Ste. 1600
> Denver, CO 80202
> Telephone: (303) 454-0336
> E-mail: thomas.isler@usdoj.gov
> *Counsel for Defendant United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and directed personnel in the United States Attorney's Office to serve the foregoing document and unpublished case law on the following non-CM/ECF participant by U.S. mail:

Khalfan Khamis Mohamed
#44623-054
United States Penitentiary - High
Inmate Mail/Parcels
P.O. Box 7000
Florence, CO 81226
*Pro Se Plaintiff*

> s/ Thomas A. Isler
> **Thomas A. Isler**

4