IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Mohamed v. United States. No. 21-CV-02676-NYW-MDB

### PLAINTIFF'S MOTION FOR RECONSIDERATION ON COURT'S ORDER; 191

Plaintiff (plf) files this motion asking the court to reconsider its recently made ruling; order, doc. 191 (the order) adopting the Magistrate Judge's (M.J.) recommendation (Recom) doc. 187. In this motion, plf. asks the court to specifically reconsider the dismissal claims; 8 & 10; Failure to protect & to intervene.

Argument:

"A motion for reconsideration may be granted when the court has misapprehended the facts, a party's position, or the law." The specific grounds ... include "the need to correct error or prevent manifest injustice." U. States v. Warren, 22 F.4th 917, at Lexis 20 (10th Cir. 2022).

A. Plaintiff's Claims 8 & 10 Allege "Failure to Protect & to Intervene" claims...

That's based on Lt. Medrano's and Warden True's acts and omissions. See the amended complaint, doc. 174, at 174-179, 185-188. Now; the order, doc. 191 p. 18 as well as the Recom. before it appear to describe these two claims as those that the court had previously dismissed under "Negligent supervision" theory. See doc. 191 Id. "These claims repackage plaintiff's previously dismissed failure-to-supervise claims". See also Id. p. 20 "plaintiff cannot invoke Colorado law to demonstrate that Lieutenant Medrano and Warden True lacked discretion in supervising their subordinate". (emphases added).

That conclusion should be reconsidered. As stated; the two claims allege failure to protect and to intervene, and so are titled. Both, the Recom. as well as the order, doc. 191, instead of analysing plf's allegations to determine whether they adequately allege "failure to protect & intervene" claims,[*] they concluded that the two claims fail due to the discretionary function exception.

The fact that plf previously had alleged "failure to supervise" claims based on acts and omissions of these two officials shouldn't by itself mean that his amended claims under failure to protect theory must also fail to state the claims as those

---

[*] As is being elaborated infra p. 4; the two judges did exactly that in a factually similar case in Martin v. U. States. No. 21-CV-02107-NYW/MDB; June 23, 2022 & March 31, 2023.

1.

previously alleged claims failed. Per the Tenth Circuit's precedent the two claims here should've been treated as failure to protect & to intervene claims and analyzed accordingly. See May v. Segovia, 929 F.3d 1223, 1228 (10th Cir. 2019) ("It is well established that when a plaintiff amends his complaint under Rule 15, the amended complaint supersedes the original and renders it of no legal effect").

    The two claims adequately allege failure to protect & to Intervene claims. As plf. had argued in his resp. to goverments (sic's) motion to dismiss, resp. doc. 185, p. 7-8; Lt. Medrano and Warden True both had realistic opportunity to stop the alleged abuses against plaintiff but decided not to. Lt. Medrano was present when C.O. Santistevan used the excessive force against plf..., heard plf's complaining, and refused his pleas to replace Santistevaw... Medrano also was aware of other abuses such as filed records falsification...etc. Id. See also the objection, doc. 189 at p. 7-8 (Arguing the two officials had realistic opportunity to intervene but chosed not to... He also argues that he has established the causation...

    As to Warden True; he also knew of the alleged abused. Plf. wrote the Warden at least on three occassions complaining about Santistevan's and others' misconducts against plf..., as well as plf. increasingly worsening conditions... The Warden himself witnessed plf. laying down in sicken, un usual manner... See Doc. 185, p. 1, 7-8. While it's true that the warden was not present when santistevan abuse plf. via the use of excessive force; that fact doesn't establish that he didn't have realistic opportunity to stop the alleged violence. See Id. p. 8-9. (Citing cases; including Farmer V. Brennan, 511 US. 825 (1994) that conclude that, under the Eighth Amendment, the prison officials may be liable when it's evident that the abuse was "longstanding... well-documented... and the circumstances suggest that the defendant-official... had been exposed to information concerning the risk and thus "must have known" about it..." Farmer Id. at 842-43.

    As stated earlier; the order, doc. 191 as well as the Recom. doc. 187 Neither analyzed these two claims to see whether they adequately allege the failure to protect claims. If they did, they should've concluded that the claims do adequately plead such a claim.

B. Based on the Supreme court's and the Tenth Circuit's Precedents as well as the Two Judges' Here Previous Holdings in a case That's Factually Similar to This one: the BOP's staff owe Plaintiff the Duty of Care Including the Duty to Protect Him.

The court's order, doc. 191, p. 20, as well as the Recom. before it concluded that in order for plf. to establish that the BOP's staff owe him the duty of care, hence; their actions are not within the discretionary functions exception, plf "must identify a federal statute, regulation or policy that requires the... officials to act". Doc. 191 p. 20. In concluding so, the courts here also rejected plf's argument that per the Colorado law these officials were required to protect him. See Id "Plaintiff cannot invoke Colorado tort law to determine that Lieutenant Medranos and Warden True lacked discretion in supervising their subordinate".

That conclusion; that the alleged duty can only be arisen from a federal statute..., and never from the state law or other sources, should be reconsidered. See Christy v. Travelers Indem. Co. of Am., 810 F.3d 1220, 1228 (10th Cir. 2016) ("The existence of a duty is a question of policy to be determined with reference to legal precedent, statutes, and other principles comprising the law"); Pernick v. Computershare Trust Co., 136 F. Supp. 3d 1247, 1262 (Dist. Colo. 2015) ("A tort duty may be derived from a legislative enactment of the standard of conduct or from a judicially imposed standard") See also Fine v. Tumpkin, 330 F. Supp. 3d 1246, 1252-53 (Dist. Colo. 2018) (After analysing whether the plaintiff there has pleaded "a statutory duty of care", the court analysed the "common law duty", stating that "The final way for plaintiff to establish a duty of care is under the common law of Colorado..." (emphases added). In sum: the case law do not appear to restrict a plf. to a given regulation or policy... Rather, the duty of care may come from a regulation, a case law or other relevant sources.

That end appears to be found in Supreme court's precedent as well well as the Tenth Circuit's and also from these two courts (Judges' here decisions). In U. States v. Muniz, 374 U.S. 150 (1963) for example: the court concluded that the BOP had duty of care to protect a prisoner from other prisoners' attacks based on the federal statute. Id at 164-165. More importantly, the court there rejected lower courts' conclusions that such tort claims were foreclosed by the discretionary functions exception. Id. The court so concluded even though had itself earlier in the opinion cited the discretionary functions exception that relieves officials from liability. Id at 163. That's to say; the court concluded that the officials owed the prisoner the duty of care because in that context the discretionary function didn't apply. The court cited 18 U.S.C. § 4042 as the source of that BOP's duty of care. The court here should've concluded the same since the two cases are similar.

3.

The Tenth Circuit also has established that prison officials owe a duty of care to prisoners. See Kikumura v. Osagie, 461 F.3d 1269, 1301 (10th Cir. 2006) (stating that "Although Colorado courts have not yet addressed whether prison officials owe a duty of care to inmates regarding their medical needs,... we find that they would recognize a duty of care here... Moreover, most states that have considered the issue have held that "a jailer incurs a duty to exercise reasonable care in protecting inmates' health and safety". See also Ajaj v. U. States, 293 F. Appx. 551, (10th Cir. 2008) (...we believe Colorado law would impose a duty of care on prison officials to protect inmates' health and safety") (emphases added). Now, it should be clear that: the Tenth Circuit in these cases doesn't establish tort liability based on "federal statute, regulation, or policy", see the order, doc. 191, p.19. See also Id. p. 20 (saying that plf. cannot invoke Colorado law to "demonstrate that Lt. Medrano's and Warden True lacked discretion in supervising their subordinates).

Finally, the two honorable judges here have previously reached to the same conclusion established by the Tenth Circuit and almost every other circuit around the country. That's: the BOP and its staff owe the duty of care to its prisoner. As plf. has shown in his objection, doc. 189 p. 7; the case Martin v. U. States, 2022 U.S. Dist. LEXIS 111562, No. 21-cv-02107-NYW/MDB, is very much similar to this one here, just like Muniz and Ajaj. (all about failure to prevent or protect under FTCA). Yet, in Martin the court, in its first decision (6-23-2022) as well in the second one (3-31-2023) the court allowed "failure to protect" claims as well to "prevent" to proceed without demanding from the prisoner to cite "federal statute... or regulation..." that impose duty of care on those BOP's staff. Both orders didn't even discuss the "discretionary functions" exception under these particular claims. Both order started their analysis by looking whether the prisoner there had met the "pleading requirements" on "failure to protect or to intervene under Colorado law". See 6-23-2022's order, Lexis 36-37, and 3-31-2023's order, Lexis 29-30. In the first order the court: Lexis 36, N. 13 cited Ajaj v. U. States, 293 F. Appx. 575 Id., apparently, in support of its conclusion that the BOP owed the prisoner the duty to protect him... In the second order plf. didn't see any such citation. But the court correctly concluded that:

> Here, plaintiff "has alleged that he was violently attacked for several minutes in a location observable from several locations by BOP employees. Indeed, plaintiff alleges that one BOP employee told him he saw some part of the attack. Based on these allegations, and after reviewing analogous section 1983 excessive force cases, it is at least plausible that BOP employees, while owing a duty of care to plaintiff, breached that duty by failing to

4.

intervene in the attack causing plaintiff to suffer additional injuries". See 3.31.2023's order, LEXis 22. (Emphases added)

Now, the prisoner in the above case was attacked by fellow prisoners within the U.S.P. Florence few hundreds miters from where the plaintiff here was subjected to the abuses described in the two claims above. In that case there was no staff at the actual area of the attack... In plf's case here, however, Lt. Medrano was with Santisteven and plf. He heard plf crying, saw the abuses, refused to stop Santisteven, and refused to replace him after seeing the initial abuses and hearing plf's request to replace him... As a result Santisteven subjected plf. to further physical and verbal abuses. Yet, the courts while decided in Martin that the staff owed the prisoner duty to protect him and prevent the attack against him without demanding from the prisoner to cite federal statute or regulation; in plf's case here the two courts concluded otherwise. While plf. here realizes that he may be different from the prisoner in that case, as a person, it doesn't appear that that apparent personality difference warrant such departure of court's conclusion. In plf's opinion it can hardly be argued, correctly at least, that the BOP staff owe the duty of care to protect an unrestrained prisoner (prisoner in Martin) but don't owe that duty to another one who's fully restrained (the plf. here).

C. The Special Relationship Exception Doctrine Recognized by Colorado is Also Recognized by All Other States, the Supreme Court, the Restatement, and Apparently by All Circuits

As stated earlier, the order, doc.191, p.20 even though appears to have acknowledge that "Colorado tort law sometimes imposes a duty on an actor to protect a person with whom he shares a special relationship" yet, the court concluded that "plaintiff cannot invoke Colorado tort law to demonstrate that Lieutenant Medrano's and Warden True lacked discretion in supervising their subordinate" Id.

That conclusion should also be reconsidered. As it has been shown in the previous section above; the Tenth Circuit as well as the two Judges here have previously found the existence of duty of care on prison staff based on Colorado law. And that conclusion is the proper one. Because as the Supreme court stated the FTCA:

was designed primarily to remove the sovereign immunity of the United States from suits in tort and... to render the government liable in tort as a private individual would be under like circumstances... The Act... gives federal district courts jurisdiction over claims against

5.

the United States for injury "caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". See Sosa v. Alvarez-Machain 542 U.S. 692, 700 (2004)(emphases added)(citing 28 U.S.C. § 2674, & §1346(b)(1).

Thus, it doesn't appear that the state law, here Colorado law, is so irrelevant. Rather, the FTCA liability depends on the state law. See also Molzof v. U. States, 502 U.S. 301, 305 (1992)("The extent of the United States liability under the FTCA is generally determined by reference to state-law").

Moreover, even though plf. is only required to cite a Colorado law here to establish the liability, which the Order above acknowledged its existance, the doctrine of special relationship (S.R.) exception is been recognized all over. All reliable and relevant authority appear to agree that once there's S.R. between the party, the liability or duty of care also exists. The S.R., to start with, is defined to be:

The theory that if a state has assumed control over an individual sufficient to trigger an affirmative duty to protect that individual (as in a involuntary hospitalization or custody), then the state may be liable for the harm inflicted on the individual by a third part. This is an exception to the general principle prohibiting members of the public from suing state employees for failing to protect them from third parties" Black Law Dictionary, 10th Ed. p. 1615. (emphases added).

The Supreme court has recognized the S.R. doctrine. See DeShaney v. Winnebago Soc. Serv., 489 U.S. 189, 190 (1989). (stating that the duty of care based on S.R. "arises... from the limitation which" the state "has imposed on the individual's freedom to act on his own behalf, through imprisonment."). See also plf. objection. doc.189 p. 7, as well his Resp. to mot. to dism. doc.155. p. 9-10. (plf. citing several cases from the Tenth Circuit as well as from this district that conclude the existence of duty of care on the defendant once that defendant has special relationship with the plaintiff). Beside the Tenth Circuit, the rest of circuits have also applied the S.R. doctrine as a source of liability. Now, while it's true that many of these cases are based on section 1983 claims, and not necessarily the FTCA claims, that fact doesn't undermine the essence of the doctrine, that's especially true when the close relationship

6.

between section 1983 and tort claims is realized. See f. e; Health & Hosp. Corp. v. Talevski, 599 U.S. —, 143 S.Ct. — (2023), 2023 U.S. Lexis 2421, p. 202 ("There is no doubt that the cause of action created by §1983, is, and was always regarded as a tort claim.")

Now, in Colorado as in virtually every other state, as stated earlier, the law imposes duty of care on prison officials to protect prisoners. This duty of care arises at least to a large extent from that S.R. between the prisoners and prison staff. As the Tenth Circuit explained in Kikumura; while reversing the district court's decision that had held otherwise:

> As a general matter, the district court is correct that Colorado law imposes no duty "upon a person to take action for the protection of another... But Colorado also recognizes exceptions to this rule. In determining whether the defendant owed a legal duty to help the plaintiff, Colorado courts look to the following five factors: (1) the existence of a special relationship between the parties; (2) the foreseeability of harm to others; (3) the social utility of the defendant's conduct; (4) the magnitude of the burden of guarding against injury or harm; and (5) the practical consequences of placing a duty upon the defendant..." The court then said after concluding that Colorado courts "would recognize a duty of care" there:
> Federal regulations already require the Bureau of Prisons to "provide for the safekeeping, care, and subsistence of all persons" in their custody. 18 U.S.C. § 4042(a)(2). Likewise, the Restatement (Second) of Torts §314A (1965) imposes a duty on "one who is required by law to take ... the custody of another under circumstances such as to deprive the other of his normal opportunities for protection..." Moreover, most states that have considered the issue have held that "a jailer incurs a duty to exercise reasonable care in protecting inmates' health and safety." Kikumura, 461 F.3d Id. at 1300-1301 (emphases added). See also Scarano v. Aspen Health Servs. 996 F.2d 311 (10th Cir. 1993) (discussing Utah's law; Utah law on special relationships... parallels the Restatement (Second) of Torts § 314A. (1965). The Restatement lists the following special relationships creating a duty to protect... After listing several of these, said: "one who is required by law to take... the custody of another... as to deprive the other of his normal opportunities for protection". (Emphases added).

In sum, the S.R. exception doctrine is not only recognized as a source of duty of care in Colorado law. Rather, it has been so recognized and applied by other relevant sources and courts.

-7-

### D. The Alleged Failure to Protect & Failure to Intervene by Lt. Medrano & Warden True in Plaintiff's Behalf Are Not Within Discretionary Functions Exception, and the Cited Cases in the Court's Order Are Distinguished From This Case Since None of the Cited Cases Presents Facts That Create the "Special Relationship" Between Parties That Exists Here

As stated earlier, even though the order acknowledged that Colorado law occasionally imposes a duty on an actor... based on the special relationship between the actor and the plf, the court still concluded that "for the purposes of the discretionary function, plaintiff must identify a federal statute, regulation, or policy that requires the relevant federal officials to act". Doc. 191, p. 20. The Court then cited Berkovitz, 486 U.S. at 536; Sydnes, 523 F.3d at 1184, and Ohlsen, 998 F.3d at 1161, among other cases. Id. That should be reconsidered.

As it's shown above at B, p. 3-5; the Supreme Court, the Tenth Circuit as well as the two presiding judges here have all previously found the duty of care imposed on the prison officials in cases, factually, similar to this one based on the Colorado law, and without demanding from those prisoners to name a particular statute or regulation. As also stated above, p. 3, the Tenth Circuit said "The existence of a duty is a question of policy to be determined with reference to legal precedent, statutes, and other principles comprising the law". Christy, 810 F.3d at 1228. See also Pernick, 136 F.supp.3d Id. at 1262 ("A tort duty may be derived from a legislative enactment of the standard of conduct or from a judicially imposed standard"). Compare that with Flynn v. U.states. 902 F.2d 1524, 1530 (10th Cir. 1990) (stating that under the discretionary function (D.F) exception, if a governmental official in performing his statutory duties must work without upon a fixed or readily ascertainable standard, the decision he makes is discretionary and within the exception of the Tort Claims Act") (Emphases added).

Now, here it should be clear that when the alleged abuses occurred in 2020, the Tenth Circuit, based on the Colorado court's decisions, had already concluded that the prison staff owed prisoners duty of care. That was the necessary "standard" that prison officials should've conducted their activities with plf. That's on top of the duty of care imposed by the Restatement (second) of Torts as the Kikumura court clarified. As plf also has indicated in his response doc. 185, p. 10; some courts have explicitly concluded that where there's special relationship between the relevant parties, the discretional functions exception is not applicable. See Doe v. Unified Sch. Dist. 255 F.supp.2d 1239, 1245, n.4 (Dist. court for the Dist. of Kansas, 2003) (holding that under the S.R. doctrine, "the discretionary function exception is not applicable... where legal duty exists either by case law or by statute"); J.M. v. Hilldale Indep. Sch. Dist. No. 1-29, of Muskogee, July 25, 2008, 2008 US Dist. Lexis 57098 at 38 (same).

8.

The cases cited by the order here, doc. 191, p. 20-21, as well as by the Recom. before it that insist that a ptf. must name a particular statute or regulation in order to establish that the defendants' acts are not covered by the discretionary function exception; these case, factually are distinguishable from this case. Those cases are not involving prisoners and prisoner staff or any other individuals whose relation creates the special relationship. The irrelevance of the cited case, including the Supreme Court's Berkovitz v. United States, 486 U.S. 531 (1988); the case heavely relied by the Recom. and the Order in requiring ptf. to name a particular statute...; is very clear from the fact that; even though the Tenth Circuit's cases that have concluded that prison staff owe prisoners duty of care including duty to protect them... such as Kikumura v. Osagie; Ajaj v. U. States (2008), and other cases; these cases do not cite Berkovitz or any other cases in analyzing whether the prison staff owe prisoners the duty of care. These cases also do not even discuss the issue of discretionary functions under those claims that allege the prison officials failure to act. As it's also shown above; p. 4; the two judges here in Martin v. United States, 2022 U.S. Dist. LEXIS 111562, No. 21-cv-02107-NYW (6.23.2022)(3.31.2023) also did not cite Berkovitz or any similar authority on discretionary function when the two judges were analyzing the prisoner's Tort claims under "failure to protect or to intervene", and "failure to prevent". That was an intentional decision. The courts knew that in that case; there was already a duty to protect the prisoner based on Colorado law and the s.r. doctrine. As it was argued earlier; Martin, Kikikumura, Ajaj (2008) as well as the Supreme Court's U. States v. Muniz, 374 U.S. 150 (1963); each of these cases included claims similar or close to ptf's claims here. The court here should've concluded the same outcome.

CONCLUSION:
Based on above stated argument & other relevant records, the court should reverse it order doc. 191, on these two claims: 8 & 10, allowing them to proceed.

April 21, 2025
Khalfan Kh. Mohamed
U.S.P. P.O.box 7000
Florence, CO 81226.                                    /s/ Mohamed

CERTIFICATE OF SERVICE
I, Khalfan Kh. Mohamed, certify that on 4- .2025 have mailed my mot. for Reconsideration to court, add: office of the clerk, U.S.D.C. 901-19th St; Room A105, Denver, CO 80294-3589
April 21, 2025
Khalfan Kh. Mohamed; U.S.P. Box 7000, Florence, CO 81226     /s/ Mohamed

9

EXH: 1

## DECLARATION OF MAILING:

I, Khalfan Kh. Mohamed declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statement is true and correct.

On April 21, 2025 I've submitted for mailing to the appropriate staff member here at U.S.P., B/A unit, my motion for reconsideration, as a legal mail that meets all necessary requirement for a such mail and with sufficient postage stamps for the first class mail, addressed to:

Office of the clerk, U.S.D.C., 901-19th st; Room A 105, Denver, CO 80294-3589.

April 21, 2025

Khalfan Kh. Mohamed
U.S.P., Box 7000
Florence, CO 81226

s/ Mohammed

Khalfan Kh. Mohamed, # 44623-054
U.S.P. High, PoBox 7000
Florence, CO 81226

DENVER CO 802
26 APR 2025 PM 7 L

Legal mail

Office of the clerk
United States District Court
901-19th St., Room A105
Denver, CO 80294-3589

Legal mail

80294-250151

FEDERAL PRISON CAMP
P.O. BOX [illegible]
FLORENCE, COLORADO 81[illegible]

DATE: ____________

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. [illegible] neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.

Legal mail

APR 23 2025