IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02676-NYW-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

---

    Pursuant to Fed. R. Civ. P. 26(c) and Uniform Civil Practice Standards of the United States Magistrate Judges ("Uniform Civil Practice Standards") § V.5, and the Court's Order, ECF No. 203 at 2, Defendant United States of America moves for entry of the attached Protective Order regulating the use and disclosure of documents and materials produced in connection with discovery in this case.  The filing of this motion was discussed with Plaintiff and the Court during the status conference held May 27, 2025.  Pursuant to D.C.COLO.LCivR 7.1(b)(1), formal conferral is not required before filing this motion because Plaintiff is an unrepresented prisoner.

    1.    A protective order is warranted in this case due to the nature of the claims and related discovery that will need to be exchanged.  Discovery may include sensitive information related to the operations of the U.S. Penitentiary – Administrative Maximum ("ADX") and Plaintiff's medical and psychological records, among other things.  Additionally, Defendant may need to produce certain information or documents that are

1

subject to the Privacy Act, 5 U.S.C. § 552a, because the Federal Bureau of Prisons maintains information that relates to individuals and is contained in a system of records. Discovery may also include information that should be protected for other reasons.

2. To balance the need for disclosure with the need for confidentiality, Defendant seeks the entry of a protective order. *See Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000) (approving of protective orders where a party reviews material and designates information as confidential based on a good-faith belief that the information is confidential or subject to protection).

3. The proposed Protective Order will minimize the necessity for judicial intervention in dealing with discovery materials as the case progresses. *See id.* (observing that protective orders can "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention"). A copy of the proposed Protective Order, which is based on the template Protective Order in the Uniform Civil Practice Standards, is attached.

4. The proposed Protective Order deviates from the template by: (1) accounting specifically for information protected by the Privacy Act and the Health Insurance Portability and Accountability Act; (2) creating a designation of "CONFIDENTIAL—NOT TO BE RETAINED BY INMATE"; (3) proposing an alternative procedure for raising disputes regarding confidentiality designations with the Court, as the joint-email procedure contemplated by Judge Dominguez Braswell's Individual Requirements for Discovery Disputes in the Uniform Civil Practice Standards will not be

feasible in this case; and (4) omitting some language not relevant to this case. This proposed Protective Order also closely tracks the protective order entered in Plaintiff's separate litigation, *Mohamed v. Jones*, No. 20-cv-02516-RBJ-MDB (D. Colo. Nov. 27, 2024), ECF No. 193.

5.  Pursuant to 5 U.S.C. § 552a(b)(12) and Fed. R. Civ. P. 26(c), Defendant submits that the attached Protective Order is necessary to protect the discovery and dissemination of protected or confidential information or information which, if released to third persons or parties, may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

WHEREFORE, Defendant respectfully requests that the Court enter the attached Protective Order.

Dated: June 17, 2025

Respectfully submitted,

PETER MCNEILLY
United States Attorney

s/Thomas A. Isler
**Thomas A. Isler**
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0336
E-mail: thomas.isler@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 17, 2025, I filed the foregoing via CM/ECF, and directed U.S. Attorney's Office staff to send via U.S. mail the document to non-CM/ECF participant:

Khalfan Khamis Mohamed
Reg. No. 44623-054
USP Florence - High
P.O. Box 7000
Florence, CO  81226
*Plaintiff pro se*

                                                s/Thomas A. Isler
                                                ***Thomas A. Isler***
                                                United States Attorney's Office