# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02676-NYW-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

This matter is before the Court on Plaintiff's Motion for Reconsideration on Court's Order ("Motion for Reconsideration" or "Motion"). [Doc. 194]. Plaintiff Khalfan Khamis Mohamed ("Plaintiff" or "Mr. Mohamed") asks the Court to reconsider its prior ruling adopting Judge Dominguez Braswell's recommendation that two of the claims in his Third Amended Complaint be dismissed. *See* [*id.*]. Defendant United States of America ("Defendant" or the "Government") has responded in opposition. [Doc. 201]. For the following reasons, the Motion for Reconsideration is respectfully **DENIED**.

### I. Background

The Court has previously detailed the background of this case, *see* [Doc. 187 at 2–5; Doc. 197 at 4–6], and thus, limits its discussion here to the facts most relevant to the instant Motion. Plaintiff is a federal inmate in the custody of the U.S. Bureau of Prisons ("BOP"). [Doc. 174 at 3]. During the events relevant to this lawsuit, he was incarcerated at the United States Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado. [*Id.* at ¶¶ 1–2]. Plaintiff asserts claims based on prison officials' conduct in connection with his hunger strike in March and April of 2020. [*Id.* at ¶ 1]; *see also* [Doc. 197 at 4 n.2]. As relevant to the Motion for Reconsideration, the Third Amended Complaint asserts the following claims:

- A negligence claim based on conduct by an ADX correctional officer, Officer Santistevan, that allegedly violated several BOP regulations related to inmate hunger strikes ("Claim Four"), [Doc. 174 at ¶¶ 140–42];

- A negligence claim based on Officer Santistevan's "use of unnecessary force" while transporting Plaintiff to and from the ADX medical unit on April 15, 2020, ("Claim Five"), [*id.* at ¶¶ 143–69];

- Battery claims based on Officer Santistevan's "use of unnecessary force" during the same transport to and from the medical unit ("Claims Six and Seven"), [*id.* at ¶¶ 171–73];

- A claim for "failure to protect [and] to intervene," based on the failure of a supervising officer, Lieutenant Medrano, to intervene in and protect Plaintiff from Officer Santistevan's alleged misconduct related to the hunger strike and excessive force ("Claim Eight"), [*id.* at ¶¶ 174–79]; and

- Another based on the ADX Warden's ("Warden True") "failure to protect [Plaintiff] and to intervene" on Plaintiff's behalf when Plaintiff complained about Officer Santistevan and Lieutenant Medrano ("Claim Ten"), [*id.* at ¶¶ 185–88].

The Government moved to dismiss Claims Four, Five, Eight, and Ten. *See* [Doc. 177]. Judge Dominguez Braswell recommended that the motion be granted, [Doc. 187], and Plaintiff objected, [Doc. 189]. The Court adopted the Recommendation and dismissed all four claims. [Doc. 197]. Plaintiff now asks the Court to reconsider that ruling as to Claims Eight and Ten—the failure to protect and intervene claims—and permit those claims to proceed. [Doc. 194 at 9].

## II.   Legal Standards

### A.   Motions for Reconsideration

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (quotation omitted). "[T]he decision to grant reconsideration is committed to the sound discretion of the district court." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

### B.   Pro Se Filings

In reviewing the Motion, the Court is mindful that Mr. Mohamed proceeds pro se. The Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

### III.   Analysis

The Court previously dismissed Claims Eight and Ten after finding them barred by sovereign immunity. [Doc. 197 at 19–21]. Specifically, the Court concluded that the claims fell within the discretionary function exception to the Federal Tort Claims Act's ("FTCA") limited waiver of sovereign immunity. [*Id.*]; *see also* 28 U.S.C. § 2680(a). The Court concurred with Judge Dominguez Braswell that Plaintiff's failure to protect and intervene claims are functionally equivalent to a failure-to-supervise claim, which Plaintiff had already alleged in a prior pleading and the Court had already dismissed. [Doc. 197 at 19–20]; *see also* [Doc. 123 at 23–26].

The Court then applied the usual *Berkovitz* test for the discretionary function exception to Claims Eight and Ten, starting with "whether the [relevant] action is a matter of choice for the acting employee." [Doc. 197 at 19–20 (quoting *Ohlsen v. United States*, 998 F.3d 1143, 1160–61 (10th Cir. 2021))]; *see also Berkovitz v. United States*, 486 U.S. 531 (1988). To satisfy this prong, Plaintiff needed to identify "a federal statute, regulation, or policy" that "prescribes a course of action" for Lieutenant Medrano and Warden True to follow. *Berkovitz*, 486 U.S. at 536. But Plaintiff identified no such federal source of authority, instead seeking to rely on Colorado's "special relationship" doctrine. [Doc. 197 at 20–21]. The Court explained that Plaintiff could not invoke state tort law to satisfy *Berkovitz*'s requirement that a *federal* rule place the relevant conduct outside an official's discretion. [*Id.* (citing *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008))]. And because Plaintiff also failed to satisfy the second *Berkovitz* prong, the Court concluded that the discretionary function exception bars Claims Eight and Ten. [*Id.* at 21].

Plaintiff's Motion for Reconsideration does not demonstrate that the Court misapprehended the facts or the law in its prior ruling. First, he argues that the Court should not have analogized Claims Eight and Ten to failure-to-supervise claims. [Doc. 194 at 1–2]. To be clear, the Court did not compare these claims to failure-to-supervise claims merely because Plaintiff has previously asserted failure-to-supervise claims. Rather, the Court explained that Claims Eight and Ten were substantially the same as a failure-to-supervise claim because they challenged Warden True's and Lieutenant Medrano's failures to regulate their subordinates' conduct in a particular manner. *Compare* [Doc. 174 at ¶¶ 174–79, 185–88], *with* [Doc. 75 at ¶¶ 217–18]. That meant Claims Eight and Ten failed for the same reason as Plaintiff's prior failure-to-supervise claims. Notably, Mr. Mohamed does not explain why treating Claims Eight and Ten as failure to protect and intervene claims would alter the discretionary function analysis.

Second, Plaintiff asks the Court to reconsider its conclusion that "the alleged duty can only [arise] from a federal statute." [Doc. 194 at 3–5]. This the Court cannot do. This Court, like all district courts in the Tenth Circuit, is bound by the decisions of the United States Supreme Court and United States Court of Appeals for the Tenth Circuit. *See, e.g.*, *United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020). *Berkovitz*—a Supreme Court decision—expressly requires "a *federal* statute, regulation, or policy" that

3

renders the challenged conduct nondiscretionary. 486 U.S. at 536 (emphasis added). And the Tenth Circuit has already rejected Mr. Mohamed's theory that a plaintiff may rely on state tort law—such as the special relationship doctrine—to establish "a limit on the federal government's discretion" for purposes of the FTCA. *Sydnes*, 523 F.3d at 1184 ("[S]tates can't waive the federal government's immunity.").[1] Thus, the various cases cited by Mr. Mohamed that involve federal courts addressing a defendant's duties under state tort law in other contexts are inapposite to the discretionary function analysis. *See* [Doc. 194 at 3–9]; *see also, e.g.*, *Ajaj v. United States*, 293 F. App'x 575, 581 (10th Cir. 2008) (citing *Kikumura v. Osagie*, 461 F.3d 1269, 1301 (10th Cir. 2006), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (predicting that Colorado courts reviewing an inmate's negligence claim would find that prison officials owe inmates a duty of care to protect their health and safety); *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1228 (10th Cir. 2016) (discussing when a duty of care exists under New Mexico tort law).

Third, Mr. Mohamed's reliance on the opinions in *Martin v. United States* is unavailing. [Doc. 194 at 4, 9]; *see also Martin v. United States* (*Martin I*), No. 21-cv-02107-NYW, 2022 WL 2274706 (D. Colo. June 23, 2022) (Wang, M.J.); *Martin v. United States* (*Martin II*), No. 21-cv-02107-MDB, 2023 WL 2743279 (D. Colo. Mar. 31, 2023) (Dominguez Braswell, M.J.). In *Martin*, the inmate brought, among other things, claims for "failure to prevent" and "failure to intervene" based on BOP officials' failure to protect the plaintiff from an attack by another inmate. *See Martin I*, 2022 WL 2274706, at *11–12. Mr. Mohamed is correct that *Martin I* and *Martin II* addressed the merits of those claims without considering *Berkovitz* and the discretionary function exception. [Doc. 194 at 9]; *Martin I*, 2022 WL 2274706, at *11–12; *Martin II*, 2023 WL 2743279, at *10–11. But the Court respectfully disagrees with Mr. Mohamed's speculative assertion that the *Martin* opinions do not mention *Berkovitz* because the Court implicitly recognized "a duty to protect the prisoner based on Colorado law and the [special relationship] doctrine." [Doc. 194 at 9]. In *Martin*, the Government did not invoke the discretionary function exception against the failure to protect and intervene claims, and the issue was not before the Court in *Martin I* or *Martin II*. *See generally Martin I*, 2022 WL 2274706; *Martin II*, 2023 WL 2743279. Even if either *Martin* opinion could be read in the manner Mr. Mohamed suggests, the Court would still be bound in this case by the Supreme Court's and the Tenth Circuit's holdings that whether certain conduct was "nondiscretionary" is a question of federal law. *See Sydnes*, 523 F.3d at 1184.

Unlike *Martin*, the Government did raise the discretionary function exception against the failure to protect and intervene claims in this case. [Doc. 177 at 10–13]. Like

---

[1] Mr. Mohamed is correct that one provision of the FTCA incorporates state law rules for liability. [Doc. 194 at 5–6]; *see* 28 U.S.C. § 1346(b)(1). But the provision that establishes the discretionary function exception does not incorporate state law in this manner. 28 U.S.C. § 2680(a). To the extent Mr. Mohamed relies on cases addressing FTCA provisions that incorporate state law liability rules, those cases are inapposite to the extent of the Government's immunity under the discretionary function exception. [Doc. 194 at 5–6]; *see, e.g.*, *Molzof v. United States*, 502 U.S. 301, 305 (1992).

4

Judge Dominguez Braswell and this Court, the Government's motion expressly noted that to avoid this exception, a plaintiff must identify a "federal statute, regulation, or policy" that prescribes a specific course of action. [*Id.* at 11 (quoting *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008))]. It was Mr. Mohamed's burden to make such a showing. See *Sydnes*, 523 F.3d at 1183. But across his response to the motion, his objection to the Recommendation, and now the Motion for Reconsideration, Mr. Mohamed has declined to do so. Instead, he has repeatedly argued that a state tort rule can save Claims Eight and Ten from the discretionary function exception. [Doc. 185 at 9–11; Doc. 189 at 5–7; Doc. 194]. The Tenth Circuit has rejected this argument, *Sydnes*, 523 F.3d at 1184, and this Court is bound to do the same.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Reconsideration on Court's Order [Doc. 194] is respectfully **DENIED**; and

(2) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

> Khalfan Khamis Mohamed
> #44623-054
> Florence High
> U.S. Penitentiary
> Inmate Mail/Parcels
> P.O. Box 7000
> Florence, CO 81226

DATED:  December 18, 2025

5