IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–02676–NYW–MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**MINUTE ORDER**

---

    Before the Court is Plaintiff's Motion to Compel. ("Motion" Doc. No. 222.) Defendant has responded. ("Response" Doc. No. 226.) Plaintiff replied. ("Reply" Doc. No. 231.) Having carefully considered the issues, the Motion is **GRANTED in part and DENIED in part.**

### Background

    This case concerns an April 15, 2020, incident during which Plaintiff was engaged in a hunger strike. (*See generally* Doc. No. 191.) The Court assumes familiarity with the facts and procedural history.

    Although Plaintiff brought several claims against the government, (Doc. No. 174), only three remain in which Plaintiff alleges battery and negligent supervision. (Doc. No. 191 at 22.) Specifically, Plaintiff alleges that ADX officers excessively tightened his restraints before transporting him to the medical unit during his hunger strike, they then "jerked" Plaintiff up by his waist chain when walking him to the medical unit, told him to "shut up," and when Plaintiff complained about the pain, they slammed him down on the bed in the medical unit. (Doc. No. 174. at ¶¶ 145–59.) Plaintiff also alleges that the offending officer's superiors were aware of

Plaintiff's complaints, but they failed to adequately supervise or otherwise intervene. (*Id.* at ¶¶ 180-84.)

## Discovery Dispute

### *Video Footage*

Plaintiff requested video footage of the incident, but Defendant says it was long-ago deleted. (Doc. No. 226 at 2.) Defendant explains that when Plaintiff's complaints were investigated "in early May 2020…an investigator reviewed the relevant surveillance video footage, which did not substantiate Plaintiff's claim of being battered." (*Id.*) Additionally, because "Plaintiff … told the investigator that he had 'not been assaulted,'" and Plaintiff ultimately "apologized for taking the investigator's time," (*id.* at 2), the investigator "concluded that no further investigation of the matter was necessary, and the surveillance footage was not specially preserved." (*Id.* at 2-3.)

Plaintiff also references handheld-camera footage, but Defendant explains that "there is no evidence that handheld-camera footage of the escort was ever recorded[.]" (*Id.* at 3.)

### *Explanation of Deleted Footage*

Plaintiff requests an explanation as to the missing video footage, but the government contends it has already provided that explanation. (*See* Doc. No. 226 at 9-10.) Nevertheless, Defendant again provides an explanation in its Response. (*Id.*)

### *Staff Involved in Incident*

Plaintiff also requests the names of all staff involved in the incident, but the government says it has already disclosed the persons present for the alleged battery, which the government maintains did not occur. (Doc. No. 226 at 11-13.) Defendant further contends that because "Plaintiff had multiple medical encounters that day, it is not clear exactly when the batteries are alleged to have occurred or who would have been present." (Doc. No. 226 at 3.)

### *Documents Related to Incident*

Finally, Plaintiff seeks to compel documents responsive to his requests for production ("RFP") 3, 4, and 5. Those RFPs essentially seek all documents and communications about Plaintiff shortly before the incident and through the end of 2020. Defendant argues the requests are "overbroad, vague, not relevant to the claims or defenses, and not proportional to the needs

of the case." (Doc. No. 226 at 3-4.) Moreover, Defendant says it has already "provided documents it has identified as relevant to the medical escort and alleged battery and has provided all of Plaintiff's medical and psychological records." (*Id.* at 4.)

Plaintiff also seems to request a Form 583 use of force incident report (Doc. No. 224 at 4), which Defendant says was never created because there was no use of force. (Doc. No. 226 at 10-11.)

**Analysis**

When one party proceeds *pro se* the court applies a liberal standard to their pleadings. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). However, in all other respects, *pro se* parties are held to the same procedural rules and standards as represented litigants. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. On a motion to compel, the party seeking discovery bears the initial burden of establishing relevance, but when the moving party has established relevance, or the discovery appears relevant on its face, the party resisting discovery bears the burden of supporting its objections. *See generally, JL v. Regis Univ.*, 2022 WL 1443059, at *2 (D. Colo. May 6, 2022); *see also Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014) (holding the party resisting discovery bears the burden to show why a discovery request is improper); *Martin K. Eby Const. Co. v. OneBeacon Ins. Co.*, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) ("Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.").

Here, the discovery Plaintiff seeks is plainly relevant. However, with respect to the video footage, the related explanation, and the Form 583 report, there is nothing to compel. Defendant no longer has the footage and has indeed provided an explanation for why it is missing. (Doc. No. 226 at 5-9.) Additionally, Defendant proffers that a Form 583 report was never created. (*Id.* at 10-11.) If Plaintiff is not satisfied with Defendant's explanation, he may seek sanctions, but

3

there is nothing more to do in discovery because what is missing is missing and it cannot be compelled.

With respect to the list of staff, it appears Defendant has complied with the request and there is nothing more to compel.

However, with respect to Plaintiff's requests for production, the Court is not satisfied with Defendant's explanation. Defendant appears to take issue with the time frame, but Plaintiff requests less than a year's worth of documentation. Moreover, the communications, reports, and documentation surrounding the incident are particularly relevant in light of the missing video footage, and while it is true that the requests may capture certain administrative and irrelevant materials, the Court liberally construes them (and Plaintiff's arguments) as seeking something much more narrow: documents that concern the incident and related matters. Indeed, documents about the incident and surrounding the incident could shed light on the incident itself, who was present, and whether ADX officials properly concluded there was no use of force.

Accordingly, the Court finds it appropriate to compel Defendant to provide **all documents, reports, communications, notes, and information related to Plaintiff's hunger strike and related incidents, complaints and medical issues, between March 30, 2020, and June 30, 2020.[1] To the extent not already produced, the production shall include any notes, documentation and reports concerning the investigation conducted into Plaintiff's claims, and concerning any conclusions that there was no use of force applied to Plaintiff on April 15, 2020. Defendant shall not limit the production based on its own conclusions that a battery or use of force did not occur, and if Defendant redacts any text in the production, it must log the redactions as it would a privilege log.**

---

[1] The Court recognizes that many of Plaintiff's claims have been dismissed, including those directly related to the hunger strike. However, the medical escort and alleged battery occurred amidst a 22-day hunger strike which apparently ended on April 20, 2020. (Doc. No. 109 at 6.) Moreover, Defendant says ADX investigated Plaintiff's claims in May, 2020. Because the video footage is missing, Plaintiff will need access to surrounding evidence that fills in the gaps. The Court places a temporal limitation on the production that reflects the time period shortly before the hunger strike, through the end of the month following the investigation. The Court finds this 3-month time frame reasonable under the circumstances.

It is **ORDERED** that Defendant shall produce this discovery on or before **March 6, 2026**. It is further

**ORDERED** that the Dispositive Motion deadline is **reset to April 30, 2026**.

The Clerk of Court is directed to mail a copy of this Minute Order to Plaintiff:

Khalfan Khamis Mohamed
#44623-054
CANAAN
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 300
WAYMART, PA 18472

Dated this 26th day of February 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge