IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–02676–NYW–MDB

KHALFAN KHAMIS MOHAMED,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff's Motion for Discovery Sanctions ([“Motion”], Doc. No. 236.) Defendant has responded and Plaintiff replied. (Doc. Nos. 241, 249.) The Court also had an opportunity to hear the parties with respect to the issues underpinning the Motion. (Doc. No. 254.) After careful consideration of the briefing, applicable law, and all relevant materials, and in consideration of the circumstances of this case, the Court **RECOMMENDS** that the Motion be **GRANTED in part**.

**SUMMARY FOR SELF-REPRESENTED LITIGANT**

The Court finds that Defendant's duty to preserve the video surveillance footage arose no later than April 30, 2020. Because Defendant did not take reasonable steps to preserve the video, and because the failure to preserve it has caused some prejudice to you, the Court recommends that your Motion be granted in part. However, the Court is not recommending a specific remedy

at this time. Instead, the Court recommends that the presiding judge decide at a later date the extent of the prejudice. The Court also recommends that the presiding judge determine, or ask a jury to determine, whether the loss of the video was intentional, which could affect what remedy is appropriate.

## BACKGROUND

Plaintiff alleges that Bureau of Prisons ("BOP") personnel used excessive force against him during an escort on April 15, 2020, including by over-tightening his restraints. The BOP denies the claim. Video footage of the incident once existed but has since been deleted. (*See generally* Doc. No. 241-1.) The BOP says it was overwritten in the ordinary course. Specifically, it says surveillance footage at ADX "is required to be maintained for 10 days, generally," and "normally automatically destroyed no longer than 30 days after it is recorded." (Doc. No. 241-1 at ¶ 10.) According to Alfonso Gonzales III, Special Agent with the Office of General Counsel, Office of Internal Affairs for the BOP, there was no reason to keep the footage. He says Alan Oliver, a language specialist for the BOP, reported an assault on Plaintiff, but when Mr. Gonzales followed up with an interview, Plaintiff said there was a misunderstanding and no assault had occurred. (*Id.* at ¶¶ 2, 5.) Mr. Gonzales also says he personally reviewed the footage and there was no significant incident or evidence of assault, no documentation of use of force, and no documentation in medical records to suggest Plaintiff suffered injuries on April 15, 2020. (*Id.* ¶¶ 7, 14-16.) He also says that even if the video footage were available today, it would not show how tightly an inmate's restraints were applied. (*Id.* at ¶ 9.) Moreover, the BOP says Plaintiff has filed a total of 278 administrative remedies or appeals between 2002 and 2022, and only one, besides this case, resulted in a civil action. (Doc. No. 241-2 at ¶¶ 10-11.)

Notwithstanding the BOP's contention that Plaintiff recanted his claim of assault immediately after the incident, Plaintiff filed a BP-9 grievance two weeks later. (Doc. No. 241-2 at ¶ 16.) In it, he described the alleged excessive force, injuries, and resulting pain, and he expressly requested that all video and evidence for that day be preserved. (*Id.* at 10.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

A preservation duty arises upon the filing of litigation or earlier when a party knows or should know that the material may be relevant to future litigation. *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1163–64 (D. Colo. 2015). Relevant considerations include notice from a potential adversary, the likelihood that the incident will result in litigation, and the anticipated relevance of the information. *Id.* at 1163.

Spoliation sanctions may be appropriate when a party had a duty to preserve evidence because it knew or should have known litigation was imminent and the loss prejudiced the opposing party. *See* Fed. R. Civ. P. 37(e)*; Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007); *Zbylski*, 154 F. Supp. 3d at 1162–63. Under Rule 37(e)(2), however, an adverse inference or comparable sanction requires a finding that the responsible party acted with intent to deprive another party of the information's use in litigation. Fed. R. Civ. P. 37(e)(2).

## ANALYSIS

***Duty to Preserve***

Defendant suggests that because Plaintiff filed so many grievances in the past and only one resulted in civil litigation, Plaintiff's April 30, 2020, BP-9 could not have placed Defendant on notice that the video footage may be relevant to future litigation. Defendant further argues that investigators reviewed the footage and saw no evidence of assault. (*See* Doc. No. 241 at 2.) Defendant also claims that soon after the incident, on or about April 16, 2020, Plaintiff admitted he had not been assaulted. (*See* Doc. No. 241 at 2.) Plaintiff disputes this. (*See* Doc. No. 249 at 3.) But even accepting Defendant's statements as true for purposes of this Motion, and even taking into account Plaintiff's prior grievances, the Court finds the BP-9 triggered a duty to preserve.

The BP-9 alleges a violation of constitutional rights, identifies injuries, and specifically demands the preservation of "evidence." (Doc. No. 241-2 at 10.) On its face, it sounds of litigation. Moreover, the BP-9 was filed on April 30, 2020, meaning the allegation of assault, injury, violation of constitutional rights, and the demand to preserve evidence, all occurred *after*

Plaintiff allegedly told the BOP that he had not been assaulted. Under the circumstances, Defendant knew or should have known no later than April 30, 2020 (and perhaps earlier), that the April 15, 2020, footage could be relevant to future litigation. *See McGee v. Pacheco*, 2021 WL 2104831, at *5 (D. Colo. May 25, 2021) (finding that prisoner grievances were sufficient to trigger CDOC's duty to preserve video footage of the alleged excessive force incident.)

The BOP admits the video surveillance footage was overwritten in May 2020. (*See* Doc. No. 241 at 2.) This means the loss occurred *after* Defendant's preservation duty arose.[1]

***Prejudice to Plaintiff***

Plaintiff has suffered some prejudice. The loss of the video footage deprives Plaintiff of an important piece of evidence. And while Mr. Gonzales claims the video would not show how tight the restraints were, the footage might show aggressive contact, forced movement, and other indicators of excessive force. Indeed, basic evidence like video of the incident could be critical for a self-represented prisoner with limited access to other evidence.

However, the Court cannot determine the *extent* of the prejudice on this record. Seeing Plaintiff's other trial evidence, making credibility determinations about what a video like this would or would not show, understanding the layout of the facility, the angle of the camera, and where the incident occurred in relation to the same, could be relevant to analyzing the extent of prejudice here. *See generally* Fed. R. Civ. P. 37(e)(1). Given the overlap between these issues and the merits, the Court reserves decision on the extent of prejudice.

***Reserved Issues***

[1] The parties reference a second recording from a handheld device. The record does not support that any such recording ever existed, and the Court focuses only on the video surveillance footage.

In addition to the extent of prejudice, the Court also reserves for the trial judge a determination on whether Defendant's failure to preserve was intentional or in bad faith. The current record does not support a finding of bad faith or intentional deletion, but credibility determinations and merits evidence at trial, might. There are competing assertions that bear on why the footage was not preserved, and whether anyone acted with an intent to deprive Plaintiff of this evidence. Plaintiff contends that "the reason why the footages were destroyed" was because officials "carefully intended to hide and deny the alleged abuses." (Doc. No. 249 at 2.) The BOP, on the other hand, contends the footage was lost through routine automatic overwriting. (*See* Doc. No. 241 at 2.) If the trial evidence supports the conclusion that Defendant intended to deprive Plaintiff of critical evidence, then an adverse inference or other sanction under Rule 37(e)(2) may be appropriate. If it does not, the presiding judge may find that some lesser sanction is sufficient to cure whatever prejudice Plaintiff suffered as a result of the lost evidence.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Discovery Sanctions (Doc. No. 236) be **GRANTED in part** with the following findings:

1. Defendant's duty to preserve the relevant April 15, 2020, video footage arose no later than April 30, 2020.
2. Because the BOP represents that the footage was overwritten in May 2020, their duty to preserve was breached and Plaintiff has suffered some prejudice as a result.

3. Any determinations concerning credibility, willfulness, bad faith, intent to deprive, and the extent of prejudice to Plaintiff be reserved for the presiding judge and/or the factfinder at trial

4. The appropriate sanction or remedy, if any, be reserved for determination by the presiding judge, during or after trial.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of November, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge