# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
NOV - 9 2026
JEFFREY P. COLWELL, CLERK

Mohamed v. U.States, No. 21-cv-02676-NYW-MDB

PLAINTIFF'S REQUEST FOR SUBPOENAS

Dear the clerk:

I request that the court subpeona several current and former BOP-employees to testify at the trial on this matter that's scheduled on Dec. 7 to Dec. 9, 2026 at this court Room.

The Names of the Witnesses being subpoened:

1- Mr. Alan Oliver; 2- Dr. Jamie Mach; 3- Dr. Alexandra Garber; 4. Lt. Matthew Palider; 5- Lt. Edward Garduno; 6- Michael Caldwell; 7- Lt. R. Lopez; 8- A. Gonzales.

Many of these witnesses are also listed as the government's witnessed. See defendant's "status Report", doc. 253, p. 1-2.

The Witnesses Addresses:

Plaintiff does not have any current address of any of the above witnesses. However, apparently, the government is capable of furnishing the subpeonas to it's current and former employees. In it's "Rule 43 Motion", doc. 256, p. 2, n.3, the government indicated that it only so far failed to confirm the location of Dr. Mach and officer Sutton...

Plaintiff ask the court to get the government to

locate Dr. Mach and get her testify at the trial; she's one of the most important staff in plaintiffs' case here.

## The Purpose of the Subpeonas

All of the named witnessess were employed by the BOP at the time of the alleged batteries as alleged in this case. The two Psychology Doctors; were with psych. dept. at ADX who repeatedly assessed plaintiff and provided him with treatment before and after the alleged assault. The rest; Mr. A. Oliver, Pelidez, Sardumo, Caldwell, Lopez, and Gonzales, were all involved in the "investigation" following plaintiffs' complaints of staff mistreatment before and after the alleged assault. Moreover, eash of these six employees' name is repeatedly mentioned in multiple document related to the "investigation" related to plaintiffs' claims in this case.

Plaintiff needs to question these staff on related matters connected to their roles into the investigations. Hence; plaintiff ask the court to instruct the witnesses to be prepared for such testimonies (i.e; all 8-witnesses)

## The Witnesses' Fees & Reimbursement:

Plaintiff ask the court to waive these expenses due to plaintiffs' indigent status & Pro se. Alternatively, plaintiff ask the court to ask the government to make these witnesses available at trial without subpenous. That's exactly what the court did in the previous case;

Mohamed v. United States, No. 20-cv-02516-RBJ-MDB.

In the cited case; government aggreed to make all witnesses available without subpeona. There's no apparent reason as to why the government cannot do that in this case. Lastly, if both of above methods/requests are denied; plaintiff assures the court that his attorney, ms Joyce Rosendahl, per plaintiff's request, will promptly pay all such expenses once the amount is determined (ms. Rosendahl does not represent plaintiff in this case, however). Upon the court's instruction that plaintiff must pay the expenses, plaintiff will promptly ask his attorney to contact the court and make the necessary payment.

Thank you.

October 28, 2026
Khalfan Kh. Mohamed
U.S.P Canaan, P.O Box 300
Waymart P.A. 18472

s/ Mohammed

EXH: 1

## Declaration of Mailing:

I, Khalfan Kh. Mohamed, hereby declares under Penalty of perjury, ~~that~~ pursuant to 28 U.S.C § 1746 that the following statement is true and correct:

On Oct. 28, 2026, I've submitted for mailing to the appropriate staff here at the USP Canaan, my Request for Subpeonas, as a legal mail that meets all requirement for such a mail and attached with prepayed postage stamps, that's necessary/sufficiant for the first class mail.

Oct. 28, 2026

s/Mohammed